## CECIL v. MISSOURI PUBLIC SERVICE CORPORATION (four cases).
### Nos. 272–275.

District Court, W. D. Missouri, W. D.
Sept. 9, 1939.

Roy A. Jones, of Warrensburg, Mo., for plaintiffs.

Patterson, Chastain, Graves & Smith, By Jacob Brown, of Kansas City, Mo., for defendant.

OTIS, District Judge.

The question presented is whether a motion to consolidate four cases pending in this court shall be sustained over the objection of the plaintiffs in the several cases. The four cases were removed to this court on the petitions of the common defendant. In each the plaintiff (the four plaintiffs are members of the same family, reside in the same house, and are represented by the same attorneys) claims to have been injured by the negligence of the defendant. It is charged that the defendant, which manufactures and distributes electric current, negligently permitted electricity to escape from its transmission line and to pass into the house where the plaintiff lived and there to attack, burn and injure plaintiff.

Under the rule dividing the work of this court among its judges two of these cases, Nos. 272 and 274, have been assigned to Judge Otis, one, No. 273, to Judge Reeves, and one, No. 275, to Judge Collet. If the cases are tried separately, as plaintiffs insist they shall be, the time of three judges and four juries (for each plaintiff has demanded a jury trial) will be taken in hearing the same evidence as to the negligence charged against the defendant.[1] It is obvious that here is threatened a multiplication of labor and a waste of time and money that should be avoided if that is possible and lawful.

### Rule 42

1. Rule 42 provides that: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; * * *." 28 U.S.C.A. following section 723c. In these four cases every question of law and fact in each case, except the extent of each plaintiff's injuries, is identical with the questions of law and fact in the three other cases. Certainly then they are cases which the rule authorizes the court to consolidate. Even before the promulgation of the rule these cases might have been consolidated under the statute. Section 734 of Title 28, U.S.C.A., provides: "When causes of a like nature * * * are pending before a court of the United States * * * the court * * * * may consolidate said causes when it appears reasonable to do so." Under that statute, not so broad in the discretion it vests in the trial court as Rule 42, it repeatedly has been held, without one dissenting holding which we have found, that separate actions for damages for personal

---

[1] It has been suggested by counsel for plaintiffs that one of the plaintiffs was injured by a different discharge of electricity than other plaintiffs. Even as to that plaintiff, however, the negligence charged is identical with that charged by other plaintiffs.

injuries—jury cases—might be consolidated for trial where the several injuries were alleged to have been caused at the same time by the same negligence. Woodstock Operating Corporation v. Young, 5 Cir., 268 F. 278; Mankin v. Bartley, 4 Cir., 266 F. 466; American Window Glass Co. v. Noe, 7 Cir., 158 F. 777; Diggs v. Louisville & N. R. Co., 6 Cir., 156 F. 564, 14 L.R.A.,N.S., 1029; Denver City Tramway Co. v. Norton, 8 Cir., 141 F. 599.

## The Seventh Amendment

■ 2. A somewhat curious argument has been made against the consolidation of these cases. The argument relies on the Seventh Amendment to the Constitution U.S.C.A. providing that: "In suits at common law * * * the right of trial by jury shall be preserved, * * *." The contention is that: "The right of trial by jury thus preserved is the right which existed under the English common law when the amendment was adopted" (Baltimore & Carolina Line, Inc., v. Redman, 295 U. S. 654, 657, 55 S.Ct. 890, 891, 79 L.Ed. 1636) and that at common law the cases of separate plaintiffs against the same defendant could not be consolidated for trial against their wills. The error in the argument is this: the common law rule—if that was the rule—that cases of separate plaintiffs could not be consolidated, was a rule of practice, it was not a peculiar characteristic inherent in trial by jury. Certainly it was not of "the substance of the common-law right of trial by jury," which alone is preserved by the Seventh Amendment. Baltimore & Carolina Line, Inc., v. Redman, supra. In none of the cases cited, supra, construing Section 734, Title 28, was the contention made that that section, identical in the respect complained of with Rule 42, violated the Seventh Amendment. None of the five circuit courts of appeals handing down these decisions, each of which held that a United States court was authorized by the statute to consolidate jury cases brought by different plaintiffs, so much as suggested the possibility that the Seventh Amendment was an obstacle. The Seventh Amendment preserved the substance of the common-law jury trial, not all of the features of English jurisprudence which were contemporaneous with it.

3. The motion to consolidate is sustained. It is so ordered.