**POULSON et al. v. LOUISIANA, ARKANSAS & TEXAS TRANSP. CO. et al.**
**LEA v. SAME.**
**Civ. Nos. 1963, 1964.**

District Court, W. D. Louisiana,
Shreveport Division.

July 1, 1947.

Neckley M. Ferris, of Shreveport, La., and Clay & Kohlman, of New Orleans, La., for plaintiffs.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, La., for defendants.

PORTERIE, District Judge.

We have read attentively the briefs filed by each side on the question of whether or not the above two cases should be consolidated.

Damages are sought in each case against the same defendant. There was only one accident, the collision of a four-passenger automobile with the freight truck and trailer of defendant. All legal relations between any and all parties arose at this one time of collision. The issues of fact and the applicable principles of law are the same—except the added principle of law that under certain conditions the negligence of the driver of a car is not imputed to the guest. A comparison of the two answers (by the same counsel) and a comparison of the two complaints (by the same counsel) disclose similarity of suits.

As against the mere addition as to one complainant that the driver's negligence is not imputed to the guest and the other point

made by movants that the one and the same jury will have so many awards to make that it would be prone to reduce them all around, there are these points, among others, favoring consolidation: (a) the suits are practically the same, growing out of the same occurrence, with the same counsel on both sides; (b) no conflict of interest between the complainants; (c) a great saving of time and costs to both sides; (d) the actions involve a common question of law and fact; etc.

Therefore, under Rule 42 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the following cases: Western States Machine Company v. S. S. Hepworth Company, D.C.N.Y.1941, 37 F.Supp. 377; National Nut Company of California v. Susu Nut Company, D.C.Ill. 1944, 61 F.Supp. 86; Polito v. Molasky, 8 Cir., 1941, 123 F.2d 258; Cecil v. Missouri Public Service Corporation, D.C.Mo.1939, 28 F.Supp. 649; Woodstock Operating Corporation v. Young, 5 Cir., 268 F. 278; Mankin v. Bartley, 4 Cir., 266 F. 466; American Window Glass Co. v. Noe, 7 Cir., 158 F. 777; Diggs v. Louisville & N. R. Co., 6 Cir., 156 F. 564, 14 L.R.A.,N.S., 1029; Denver City Tramway Co. v. Norton, 8 Cir., 141 F. 599; the motion by the defendant to consolidate must be granted. Accordingly:

It is Ordered, Adjudged and Decreed, that the two above-numbered and -styled cases are, hereby and herewith, consolidated for trial.