**CAPSTRAW**
v.
**NEW YORK CENT. R. CO.**

**SIELAGOWSKI**
v.
**NEW YORK CENT. R. CO.**
Civ. Nos. 5028, 4761.

United States District Court,
N. D. New York.
Feb. 17, 1954.

**268**

McClung, Peters & Simon, Albany, N. Y., for plaintiff Capstraw, Homer E. Peters, Albany, N. Y., of counsel.

Bartle Gorman, Utica, N. Y., for plaintiff Sielagowski.

Kernan & Kernan, Utica, N. Y., for defendant, Willis D. Morgan, Utica, N. Y., of counsel.

FOLEY, District Judge.

The defendant railroad moves to consolidate and join for trial the above actions. The plaintiff in one action, Capstraw, was the engineer of a train upon which the decedent, Sielagowski, was riding as a brakeman when it was involved in a head-on collision with another train of the defendant. It is clear that each action arises from a single accident surrounded by a similar set of circumstances, and each is instituted and based upon the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

In such situations where common and similar questions of fact and law are present, this similarity is ordinarily good and sufficient reason in itself to consolidate and join for trial such actions in accordance with the provisions of Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C. The defendant in its memorandum of law submits good authority for the general approach to such problems. Gillette Motor Transport v. Northern Oklahoma, 10 Cir., 179 F.2d 711; Polito v. Molasky, 8 Cir., 123 F.2d 258; Brush v. Harkins, D.C., 9 F.R.D. 604.

However, in my mind, there are important factors which militate against the expeditious and general solution. There is a possible conflict of interest between the plaintiffs in the separate actions. Where such conflict is lacking, it is a point in favor of consolidation, Poulson v. Louisiana, Arkansas & Texas Transp. Co., D.C., 7 F.R.D. 484. The complaints are directed solely against the railroad, but because of the doctrine in the Act concerning the negligence of a fellow employee, the joint trial may result in attack by named plaintiff against named plaintiff with possible detriment and prejudice to each. The joinder might set plaintiff against plaintiff, and by such contest in their own proof, reduce their verdicts in accordance with the comparative negligence rule, all to the advantage of the railroad.

I concede to the defendant corporation that many of the problems advanced by the plaintiffs are inherent in every consolidation, and could be met by a careful charge and the taking of a special verdict from the jury with detailed questions and answers. However, the serious obstacle to joinder for trial is the evidentiary problem concerning the dis-

missal notice from the railroad to Capstraw, the engineer, after the accident. It is agreed that such dismissal notice may be an important part of the Sielagowski case, and seriously questionable for admission in the Capstraw case. The ritual of instructing the jury to disregard as to one, and to consider it as to the other, is theoretically correct but in my judgment should be avoided whenever possible.

It is impossible for me to conclude there is no apparent danger of prejudice that may result from a single trial. Miller v. Sammarco, D.C., 9 F.R.D. 215.

The motion is denied, and it is ordered accordingly.