Alexander G. MacALISTER et al.,
Plaintiffs,

v.

Alexander L. GUTERMA et al.,
Defendants.

Samuel GREENBERG, Plaintiff,

v.

Alexander GUTERMA et al.,
Defendants.

Anne J. MATHES, Plaintiff,

v.

Nathan CUMMINGS et al.,
Defendants.

United States District Court
S. D. New York.
June 9, 1958.

Ralph Montgomery Arkush, New York City (Lewis M. Dabney, Jr., New York City, of counsel), for plaintiffs, Alexander MacAlister, and others.

Milton Paulson, New York City, for plaintiff, Samuel Greenberg.

Morris J. Levy, New York City, for plaintiff, Anne J. Mathes.

Pomerantz, Levy & Haudek, Bon Ami Co., New York City, for defendant.

CASHIN, District Judge.

This is a motion pursuant to Rule 42 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to consolidate three stockholder derivative suits. The motion is brought by the corporation and seconded by two of the three sets of plaintiffs. One set of plaintiffs, the MacAlister group, vigorously opposes the motion. What is sought is not merely a consolidation for the purposes of trial but a consolidation for all purposes. To this end, the order sought would also appoint a general counsel to oversee the prosecution of the suit, direct the filing of a consolidated complaint alleging all of the claims pleaded in the separate complaints, and stay the institution of any other stockholder suits in the Federal Court. There are presently pending similar actions in the Supreme Court of the State of New York, County of New York, and in the Chancery Court of the State of Delaware. In the New York cases a motion, similar to the present motion, has been granted.

 Despite the general practice in the New York State Courts, it is doubtful if any power exists in the Court to order a consolidation of the presently pending actions for any purpose except for trial.[1] Assuming that such power exists, it is certain that whether it should be exercised is a matter of discretion.[2] In view of the circumstances of this case, I am convinced that no consolidation, except for trial, should be ordered.

Even if the three cases in this Court were consolidated for all purposes, the actions pending in other jurisdictions would still be outstanding. Thus, a substantial number of the evils, real or imagined, which the moving defendant seeks to avoid in the nature of duplicating pre-trial activities, would exist in any event. More important, however, in my view is the fact that the various plaintiffs cannot, in any way, agree on the general counsel to be appointed, without which appointment the general consolidation would be impossible. I do not believe that any of the parties should be forced by the Court to be represented by counsel not of their own choice. To order the consolidation and leave all separate counsel autonomous with a direction that they cooperate " * * * would be like forcing a marriage between irreconcilably divergent and incompatible temperaments."[3]

 The portion of the motion requesting that an injunction issue restraining other stockholders from instituting suit in this Court, based upon the same or similar claims already in suit, must also be denied. There appears to be no authority for the granting of relief sought as is pointed out in the case of Levin v. Skouras, supra, relied upon heavily by the moving defendants.

Except that the three pending actions, namely, MacAlister v. Guterma, Ci. 132–25; Greenberg v. Guterma, Ci. 133–252, and Mathes v. Cummings, Ci. 134–22, are ordered consolidated for trial, the motion is denied in its entirety. All pending extensions of time or stays in the proceedings are hereby vacated.

It is so ordered.

1. Johnson v. Manhattan Railway Co., 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331; Greenberg v. Giannini, 2 Cir., 1944, 140 F.2d 550, 152 A.L.R. 966. But see Levin v. Skouras, D.C.S.D.N.Y., Ci. 38–422, decided March 21, 1947. Three other cases in this district are cited by counsel for the corporation in support of complete consolidation, viz.: Saltzman v. Birrell, 1947, Ci. 41–616; Zenn v. Anzalone (1954) Ci. 92–205; Glenmore v. Ahern (1956) Ci. 107–132. In all those cases where, incidentally, counsel for the corporation appeared, however, the motions were consented to. Thus they stand as very little authority.

2. Price v. Creole Petroleum Corporation, Sup., 51 N.Y.S.2d 783.

3. Price v. Creole Petroleum Corporation, supra, at page 786.