**R. Milo GILBERT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Undocketed.**

United States Court of Appeals
Ninth Circuit.

March 9, 1960.

Albert A. Dorn, Wirin, Rissman, Okrand & Posner, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Patrick Coleman, Robert D. Hornbaker, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM.

R. Milo Gilbert has appealed to this court from a judgment convicting him on twenty counts alleging violations of 26 U.S.C.A. § 7206(2), eight counts alleging violations of 18 U.S.C.A. § 495, and three counts alleging violations of 18 U.S.C.A. § 1001. Gilbert gave notice of appeal, and pursuant to 28 U.S.C.A. § 1915 applied to the district court for leave to prosecute his appeal in forma pauperis. The district court denied the application and certified that the appeal is not taken in good faith.

Gilbert, aided by counsel, has now applied to this court for leave to appeal in forma pauperis, and has filed here a copy of the affidavit which he filed in the district court in support of his 28 U.S.C.A. § 1915 application. The district court did not find this affidavit deficient with respect to the allegations as to poverty, and under the circumstances of this case we find it sufficient for our purposes on the question of poverty.

■ Section 1915 provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. But while such a certificate carries great weight with this court it is not final in the sense that a convicted defendant is barred from showing in this court that the certificate was unwarranted and that an appeal should be allowed. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L. Ed.2d 593.

■ In the absence of some evident improper motive, such a showing is made and the applicant's "good faith" is established by the presentation of any issue which is not plainly frivolous. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. In an effort to make such a showing, Gilbert has here submitted a lengthy memorandum in support of his application, in which several issues which he desires to raise on appeal are discussed at length.

The fact is, however, that Gilbert made no such showing in the district court when he applied to that court for leave to proceed in forma pauperis. He did not there mention in his affidavit or otherwise a single issue which he desired to raise by appeal. He asserted only:

"The nature of the appeal is to seek to obtain reversals of the judgments [describing them] * * *. I believe I am entitled to the redress I seek by said appeal."

■ Section 1915 provides that the affidavit to be made in support of such an application shall, among other things, "state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." In order to constitute a sufficient statement of the nature of the appeal, the affidavit must present some issue which is not plainly frivolous. Ellis v. United States, supra. As before indicated, the affidavit filed in the district court made no mention of any issue to be raised on appeal, frivolous or otherwise.

■ The affidavit presented in the district court was therefore inadequate, and the application made in that court was properly denied. We do not know, however, whether the district court would have denied the application and certified a lack of good faith if Gilbert had made in that court the presentation of issues which he has made here. Thus, if we were to rule in Gilbert's favor here, we would be displacing a trial court certificate entered without benefit of the showing made here.

Under similar circumstances it was held in United States v. Farley, 2 Cir., 238 F.2d 575, that the proper procedure was to deny the application but without prejudice to its renewal in the district court. We are in agreement with this view and accordingly now deny the pending application, but with leave to Gilbert to within thirty days renew his applica-

tion in the trial court enlarged to include a presentation as to issues desired to be raised on appeal. If on such a renewal of the application the same is denied by the district court, the application may be renewed here. Gilbert's time to docket the record on appeal is extended to thirty days after disposition of such application in the district court.