**Donald C. MARTIN**

v.

**GULF STATES UTILITIES COMPANY.**

**Civ. A. No. 8690.**

United States District Court
W. D. Louisiana,
Lafayette Division.
Sept. 6, 1963.

I disagree or agree with him on anything because he—he really had me twisted pretty bad that day, * * *." (Page 15)

&ast; &ast; &ast; &ast; &ast;

"I had hired Mr. L——— or Mr. G——— to protect my rights, not to just pass over them." (Page 22)

&ast; &ast; &ast; &ast; &ast;

A  Yes, I did." (Page 26)

&ast; &ast; &ast; &ast; &ast;

Simon & Trice, J. Minos Simon, Lafayette, La., for plaintiff.

Bailey & Mouton, Wm. H. Mouton, Lafayette, La., for defendant.

Mouton, Champagne & Colomb, Patrick L. Colomb, Lafayette, La., for intervenor Fireman's Fund Ins. Co.

PUTNAM, District Judge.

The Court now has for consideration the application made by plaintiff, Donald C. Martin, to prosecute an appeal from the verdict of the jury adverse to him in his suit for personal injuries in forma pauperis. The defendant in this suit, Gulf States Utilities Company, has filed a motion setting up facts which it believes to be sufficient to establish that plaintiff is not so impoverished as to be entitled to claim the benefits of our law on this subject.

After the filing of defendant's motion to deny the relief sought, the Court received a letter dated September 3, 1963, from the attorney representing Mr. Martin which is ordered filed in the record of this case. In this letter counsel takes the position that Gulf States Utilities has no interest whatever in plaintiff's request to proceed in forma pauperis. The further position is taken that references made in the motion to income of Mrs. Martin from separate property owned by her is not an income of plaintiff, and further, that money received by plaintiff after the accident under the Louisiana Workmen's Compensation Laws in settlement of his claims against his employer arising from the incident, are exempt from seizure under state law and was in payment of a loss resulting from diminished earning capacity. We will first consider the objections so interposed although they are not in proper form and were not filed with the Clerk of Court as is required by our rules.

The right to proceed on appeal without payment of cost or giving security therefor is secured to indigent litigants who are citizens of the United States by the provisions of 28 U.S.C.A. § 1915; as may be modified by the Court under Rule 75(m), Federal Rules of Civil Procedure, 28 U.S.C.A. The assertion of plaintiff's counsel that the defendant has no interest in the matter and is an interloper insofar as the application is concerned, is clearly without merit. Indeed, it may be said that every taxpayer has an interest in seeing that public funds are not expended for the benefit of those who are able to bear their own costs. The opposing party to a lawsuit has a further interest in seeing that his opponent is required to meet the test of poverty before being extended the privilege of proceeding without payment of costs. If the appeal is allowed, the defendant must undertake to meet the issues in the appellate court and must consequently bear the expense attendant upon such matters. In Volume 10, Cyclopedia of Federal Procedure, Third Edition, § 38.53, at p. 487, it is stated:

"The averments in the affidavit are open to inquiry by the Court as to their truth, but, where the plaintiff interposed the affidavit to meet a demand for security for costs, it has been held that the defendant could contest the truth of the affidavit only by a motion to dismiss. How-

·ever, countermotions for security and for leave to sue as a poor person have been disposed of together. In any case, the Court must be satisfied that the application should be granted, and an investigation of the facts would seem to admit hearing both sides, or at least warrant an inquiry by the Court. A motion to dismiss is proper to test the truth of an affidavit of poverty interposed to avoid giving security for costs, the order for leave to sue in forma pauperis being grantable thereon.
* * * "

We consider it to be well settled that the opposing party has a right to object to granting of an application to proceed in this manner. The motion to deny plaintiff relief is proper.

As to the plaintiff's further objection that the sum of $7770.00 paid to him is exempt from seizure for debt under the law of Louisiana, we deem this to be likewise without merit. If this plaintiff is shown to have in his possession such a sum of money, from whatever source derived, the Court would in conscience be bound to deny his application in this instance. Whether or not the income of his wife is community property could only be determined after a full hearing as to the nature of the income and its source. Suffice it to say that if it is rental from an oil, gas and mineral lease, or from a surface lease of lands in which she owns an interest, it is our opinion that it would fall into the community of acquets and gains under ordinary circumstances and should be included in plaintiff's statement of income.

We turn next to a consideration of the sufficiency of plaintiff's affidavit on the question of poverty and lack of means. From this document it appears that plaintiff owns a home having a value of $13,000, a 1960 Dodge automobile, a 1955 Ford panel truck, and a combined income with his wife in the neighborhood of $250 to $260 per month. They have three children. He is attending the University of Southwestern Louisiana, and his wife is engaged in the practice of her profession as a school teacher in the schools of Lafayette parish. He further states that there is an outstanding mortgage on his home of "approximately $12,000" on which he pays the sum of $95.00 monthly, and a chattel mortgage on the Dodge automobile on which there is an outstanding indebtedness of "approximately $900", on which he pays monthly installments of $40.00. He makes no mention of any rental income of his wife which might be available to him as community property under the laws of this state.

The allegations of defendant's motion to deny this relief do not substantially or materially indicate a financial picture very much different from that set forth above, taken from plaintiff's affidavit. They do maintain that the mortgage indebtedness is several hundred dollars less than that stated by plaintiff as an approximation, they appraise the home at $13,670.50, and they aver, but do not substantiate by affidavit, that the wife has some additional income of approximately $25.00 per month.

It has now been clearly established that in order to avail himself of the benefits of 28 U.S.C.A. § 1915, a litigant does not have to impoverish himself to the extent that he and his dependents would become public charges. Adkins v. E. I. DuPont DeNemours & Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1958). But, it is our opinion that a showing of something more than a mere hardship must be made. See U. S. v. Pellegrini, 201 F.Supp. 65 (D.C.Mass.1962). Moreover, all of the authorities agree that the affidavit should be sufficiently specific in setting out the financial situation of the applicant so as to expose the affiant to the penalties of perjury in a case of bad faith. Cyclopedia of Federal Procedure, Third Edition, Vol. 10, p. 486, § 38.53; Moore's Federal Practice, Vol. 6, p. 1334, § 54.74; Barron & Holtzoff, Federal Practice and Procedure, Vol. 3A, p. 125, § 1589. In the opinion of the Court the approximations given in Mr. Martin's affidavit do not meet this requirement.

He should state with exactness the details of his financial status.

■ There is another consideration not raised by either party which gives us pause in this case. Fireman's Fund Insurance Company intervened claiming the right to be paid by subrogation the sum of $10,270.00, in preference and priority over all other persons out of the proceeds of any recovery by plaintiff Martin, this being the total amount of medical and compensation payments made to him in settlement of his claims hereinabove mentioned. Their right to do so is conceded and the parties have stipulated in this record that intervenor's rights should be so recognized. Subrogation takes place by virtue of the operation of LSA–R.S. 23:1103. This being true, Fireman's Fund has a direct interest in this lawsuit and plaintiff is a nominal party plaintiff only to the extent of their subrogation. In Adkins v. E. I. DuPont DeNemours & Co., supra, the Supreme Court held that a petitioner could not be denied a right of appeal under the statute merely because other claimants would not give security for costs nor sign an affidavit of poverty. In so holding, however, the Court stated:

> "This does not mean that one of several claimants financially able but unwilling to pay his proportionate part of the costs could demand the benefits of an appeal perfected by another claimant under the in forma pauperis statute."

In our case, intervenor, Fireman's Fund Insurance Company, has a stake in the outcome of this litigation. It is substantially interested in any recovery plaintiff may ultimately obtain. In fact, as to the first $10,270.00, plaintiff is a mere nominal party only and sues for intervenor's benefit.

Fireman's Fund has not sought to appeal from the judgment rendered in the lower court. Its right to participate is fixed by law and the stipulation of the parties. Since it is one of the primary beneficiaries of any appeal in which the plaintiff might be successful, it is our opinion that it should either (1) pay the cost incidental to the appeal or (2) be barred from participating thereafter in any judgment rendered as a result of the appeal. Adkins v. E. I. DuPont De Nemours & Co., supra, and see 11 A.L.R. 2d 607, for annotation and collection of authorities on this point. Involuntary dismissal pursuant to Rule 41(b) F.R. Civ.P. 28 U.S.C.A. will effectively prevent a solvent claimant aligned with plaintiff from indirectly securing benefits to which it is not otherwise entitled.

■ Lastly, we consider Rule 75(m) in connection with this application. There is no statement of the points upon which plaintiff intends to rely on his appeal; so far as we are informed the entire transcript of evidence, as distinguished from the pleadings, motions, orders and verdicts to be found in the record are requested. The trial occupied three days of the Court's time, and in the absence of a showing of the issues on appeal requiring the evidence, we will not order a stenographic transcript at government expense. The statement of points so made will also enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915); Adkins v. E. I. DuPont DeNemours & Co., supra; Holland v. Capital Transit Co., 87 U.S. App.D.C. 48, 184 F.2d 686 (1950), cert. den. 341 U.S. 954, 71 S.Ct. 1004, 95 L.Ed. 1375 (1951); Moore's Federal Practice, Vol. 6, p. 1335, § 54.74. Annotation, 1 L.Ed. 1964.

We have gone to some lengths to outline the thinking of the Court in such cases. It has long been the policy of the Western District of Louisiana to require one availing himself of 28 U.S.C.A. § 1915 to file a sworn financial statement, with the corroborating affidavit of a disinterested third party. We do not now deny Martin's application. In fact, were complete information, accurately stated under oath, now before us, this Court would in all probability grant plaintiff relief.

The Court concludes, however, that before granting such relief additional verification of plaintiff's finances should be forthcoming, the status of Fireman's Fund should be clarified and its future interest in this cause determined. An appropriate order to insure these ends will be entered.