Nathalie L. **DUPONT**

v.

**SOUTHERN PACIFIC COMPANY.**

Velma Margaret **DUPONT**, Ind. and as next friend for Mark Villejoin

v.

**SOUTHERN PACIFIC COMPANY.**

Nathalie **LEGER**, Velma Margaret Villejoin, Lucy Dupont, Earl Dupont, Nathalie Leger, next friend for Harold Dupont, minor, and Anna Louise Dupont

v.

**SOUTHERN PACIFIC COMPANY.**

Anna Louise Dupont **TRAHAN**, Ind. and as next friend for Michael Joseph Trahan

v.

**SOUTHERN PACIFIC COMPANY.**

Civ. A. Nos. 8896, 9113, 9114, 9124.

United States District Court
W. D. Louisiana,
Lafayette Division.

June 12, 1964.

Supplemental Opinion July 1, 1964.

J. Minos Simon, Simon & Trice, Lafayette, La., and James C. Arceneaux, Jr., Arceneaux & Beslin, Rayne, La., for plaintiffs in Nos. 8896, 9113 and 9114.

John Rixie Mouton, Simon & Trice, Lafayette, La., for plaintiff in No. 9124.

J. J. Davidson, Jr., and Richard C. Meaux, Davidson, Meaux, Onebane & Donohoe, Lafayette, La., for defendant in all suits.

PUTNAM, District Judge.

Plaintiffs, having lost these suits by verdicts returned by a jury in favor of defendants, have now made application to the Court for permission to prosecute their appeals in forma pauperis, pursuant to Rule 75(m), F.R.Civ.P., 28 U.S.C.A., and Title 28 U.S.C.A. § 1915 and § 753.

Under § 1915 the Court is required to make a determination that the appeals are taken in good faith, and under § 753 before payment for the stenographic transcript can be made the Court must certify that the appeals are not frivolous but present substantial questions for determination.

■ The affidavits on file with the motion seem to establish the qualifications of movants as paupers with the possible exception of Lucy Dupont Alleman, but they are deficient under the terms of § 1915(a) in that they do not state the "nature of the * * * appeal and affiant's belief that he is entitled to redress."

■ In other words, a person desiring to appeal in forma pauperis must state in his affidavit the grounds relied upon for his appeal in order that the district court may make the necessary determina-

-tions and execute the required certificate. :28 U.S.C.A. § 1915(a), (b); Moore's Federal Practice, Vol. 6, p. 1332, §§ 54, 74; Vol. 35B C.J.S. Federal Civil Procedure § 1281, p. 729 et seq.; Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915); Gilbert v. United States, 278 F.2d 61 (9 Cir. 1960); Yager v. Raisor, 221 F.Supp. 551 (S.D.Ind.1962). Moreover, Rule 75 (m), 28 U.S.C.A., F.R.Civ.P. provides that the Court may specify some different and more economical manner by which the record on appeal may be prepared and settled. See Sejeck v. Singer Mfg. Co., 113 F.Supp. 281 (D.C.N.J. 1953); Moore's Federal Practice, Vol. 7, p. 3677, § 75.21(3).

This Court, in a memorandum opinion handed down in September, 1963, Martin v. Gulf States Utilities Company, 221 F.Supp. 757, went into considerable detail as to the requirements of these provisions of the statutes and the policy of the Court in such cases. Leading counsel for the plaintiffs in suits No. 8896, 9113, and 9114 in the present instance was counsel for the plaintiff therein, and should be fully aware of these prerequisites.

In the motions for new trial filed in these cases counsel advanced three grounds for the relief sought. As stated at the time these motions were denied, the grounds advanced in the first two paragraphs were devoid of merit. In the other grounds advanced, there was no specific error of law called to the Court's attention on any matter of evidence, nor was any specific error in the instructions given to the jury mentioned. No briefs were filed with these motions as required by Rule 4 of this court from which the Court could ascertain any specific grounds of error, which may be relied upon on appeal.

Under these circumstances, the applications now before us cannot be sustained. To so rule, however, would have the effect of preventing plaintiffs from properly presenting their application by reason of lack of diligence or inexperience of their attorneys.

Counsel can, by reference to their notes and memory, specify the issues to be raised on appeal with sufficient detail to enable us to consider the merits thereof. Reference can be had to the court reporter's sound recordings of the testimony and rulings of the Court, by appointment with her and the Deputy Clerk of Court if necessary, and the errors claimed listed.

The Court is informed by the Court Reporter that cost of transcribing the evidence alone will approximate $700.00. Cost of printing and other work involved in preparing the record for appeal will require a total outlay of funds by the government of from $1500.00 to $2000.00. In order to intelligently discharge its duties, the Court must be fully informed of what the plaintiffs' claims are.

We therefore order that the affidavits of movants and appellants be supplemented as required by law and the specific grounds or issues to be raised on appeal set forth with particularity, with reference to each error claimed in the Court's rulings on the evidence or instructions to the jury at the trial, or such other errors as may be relied upon in rulings on motions prior to the trial.

The matter will be held open until Friday, June 26, 1964, at twelve o'clock noon to permit compliance. The Court reserves the right to specify the manner in which the record may be made up pursuant to Rule 75(m), F.R.C.P., 28 U.S.C.A. after compliance if plaintiffs elect to supplement the affidavits as ordered above.

### SUPPLEMENTAL OPINION

Following the memorandum opinion rendered on the original application to appeal in forma pauperis, plaintiffs in these consolidated cases have furnished additional affidavits stating the "nature of the * * * appeal" as required by 28 U.S.C.A. § 1915. Seven grounds of error are advanced. Those listed under "Error Two", "Error Three", and "Error Seven" are not sufficiently specific to permit the Court to form an intelligent opinion as to whether or not they are

frivolous,[1] which we must do to issue the certificate required by 28 U.S.C.A. § 753, before payment of the cost of transcribing the testimony will be made by the government. Alleged "Errors Two" and "Seven" present nothing whatsoever for us to consider, while alleged "Error Three" leaves the Court at a loss to know what testimony and what rulings were objected to during the trial and could possibly form a basis therefor.

We dismiss the application on these three alleged grounds as being insufficient under § 1915, referred to above. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915); Gilbert v. United States, 278 F.2d 61 (9 Cir. 1960); Bartlett v. Duty, 271 F.2d 264 (6 Cir. 1959); Yager v. Raisor, 211 F.Supp. 551 (S.D.Ind. 1962); Moore's Federal Practice, Vol. 6, p. 1332, §§ 54, 74; 35B C.J.S. Federal Civil Procedure § 1287, p. 749 et seq.

██ The grounds alleged in "Error One ", "Error Four", "Error Five", and "Error Six", however, are sufficient to meet the requirements of the statute. We do not feel that they are so lacking in substance as to require the Court to conclude that they are not made in "good faith", or that they are frivolous. The test is not whether we consider the applicants to have shown that the appeal has merit, but merely whether or not

we can fairly conclude that they might make a rational argument on the law or facts when the matter is presented on appeal. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); John v. Gibson, 270 F.2d 36 (9 Cir. 1959); Ragan v. Cox, 305 F.2d 58 (10 Cir. 1962).

However, these alleged errors do not require that the entire evidence be transcribed. In fact, they may be resolved by a consideration of the pleadings, the photographic exhibits, and the Court's instructions.

"Error One" complains of the consolidation of the cases for trial. Plaintiff in suits No. 8896, 9113 and 9114 are survivors of the three passengers in the automobile driven by Andrus Trahan, while plaintiffs in No. 9124 are survivors of the driver. There is no cross-complaint or impleader of the Andrus Trahan estate by any of the other plaintiffs. All suits allege the accident to have been due solely to the negligence of the defendant railroad. The railroad raised the issue of contributory negligence as to the driver and each occupant of the vehicle, whether driver or passenger.[2]

In order to permit full review of alleged "Error One", all that is required are copies of the pleadings, the order of consolidation dated August 15, 1963,

1. Grounds set forth are as follows:
   "Error Two
   "The ruling of the Court, denying to affiants a new trial, constitutes reversible error.
   "Error Three
   "It was error for the Court to permit defendant's witnesses to testify as to defendant's custom in connection with the maintenance of its tracks and operation of its trains, especially in view of the fact that there were eye-witnesses to the occurrence of said accident.
   \*     \*     \*     \*     \*
   "Error Seven
   "Such other rulings of the Court in respect to which objection was made relating to the admissibility of evidence and otherwise."

2. In the supplemental affidavit filed by plaintiffs, several cases are cited. We do

not feel that they are apposite to this case. Rule 42(a) provides for consolidation of cases having a common question of law or fact. Both elements are present here. There was no prejudicial conflict of interest between these parties, and by the Court's modification of the pretrial order in conference, the attorney representing plaintiffs in suit No. 9124 was left free to conduct independent examinations of all witnesses if deemed necessary. See: Rankin v. Shayne Bros. Inc., 98 U.S.App. D.C. 214, 234 F.2d 35 (1956); Walker v. Loop Fish & Oyster Co., 211 F.2d 777 (5 Cir. 1954); Weitort v. A. H. Bull & Co., 192 F.Supp. 165 (E.D.Pa.1961); Gaines v. Racenet, 11 F.R.D. 109 (S.D. N.Y.1950); Miller v. Sammarco, 9 F.R.D. 215 (N.D.Ohio 1949); Poulson v. La., Ark. & Texas Trans. Co., 7 F.R.D. 484 (W.D.La.1947).

plaintiffs' motion to vacate same, filed August 21, 1963, the ruling of the Court and modification of the order consolidating the cases in pretrial conferences held August 22, 1963, and April 1, 1964 (already transcribed with copies furnished to all counsel), the joint pretrial stipulation filed April 23, 1963, with particular reference to the statement of contested issues of fact, and statement of controverted issues of law, and counsel's affidavit in support of motion for new trial filed on June 1, 1964.

Alleged errors four, five and six pertain to the Court's instructions and the failure to give certain special instructions requested by plaintiffs. Copies of the charge and the requested instructions filed by plaintiffs on April 3, 1964 appear to be all that is necessary to resolve these issues. We feel that the charge given by the Court substantially covered all of the law applicable to the case and included these special charges, with the exception of plaintiffs' requested charge No. 7, mentioned in alleged error six.

In respect to the Court's refusal to charge as requested by plaintiffs in requested charge No. 7, the photographic evidence in the record, including plaintiffs' photograph and those of defendant, and defendant's motion picture of the crossing, amply and conclusively demonstrate this to be an open rural crossing. As such, under the law of Louisiana, the so-called "dangerous trap" doctrine does not apply. See: Hymel v. Texas & N. O. R. R., 145 So.2d 138 (La.App. 1962) writ denied; Glisson v. Missouri Pac. R. R., 158 So.2d 875 (La.App. 1963) writ issued, 245 La. 584, 159 So.2d 290 (1964); Smith v. New Orleans & N. E. R. R., 153 So.2d 533 (La.App. 1963) writ granted and application denied, 244 La. 1018, 156 So.2d 225 (1963); Bertrand v. Missouri Pac. R. R., 160 So.2d 19 (La.App. 1964) writ denied, 245 La. 1075, 162 So.2d 571 (1964).

In view of the foregoing, since all that will be required of the Court Reporter is a transcription of the Court's rulings on plaintiffs' requested special charges, the charge given by the Court, and plaintiffs' objections made following the giving of these instructions, together with the Court's rulings thereon, we feel that we can certify these alleged errors and stated grounds for this appeal to be not frivolous, in order to have the matter reviewed, and will order this portion of the proceedings transcribed. If the Court of Appeals should find that the record on appeal so made up is inadequate, or that they desire more of the evidence to be transcribed, any deficiency can be made up without prejudice.

We note that plaintiffs did not give notice of the filing of their request for leave to appeal in forma pauperis. Federal Rules of Civil Procedure, Rule 5(a), 28 U.S.C.A., in pertinent part provides: "* * * and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties * * *" to the action. We are of the opinion that the affiavit required by 28 U.S.C.A. § 1915 and the motion requesting the relief falls within the class of documents contemplated by the rule, and notice should have been given.

In Martin v. Gulf States Utilities Company, 221 F.Supp. 757 (W.D.La. 1963), this court pointed out that the prospective appellee has an interest in seeing that the requirements of the statute are met in such cases. See also Vol. 10, Cyclopedia of Federal Procedure, Third Edition, § 38.53, p. 482 et seq.; Vol. 20 C.J.S. Costs § 150, p. 389.

To remedy the omission of plaintiffs in the instant matter, defendant will be allowed a period of seven days within which to vacate the order issued pursuant hereto.

An appropriate order will be entered.