Eugene A. DE FIGUEIREDO, Plaintiff

v.

**TRANS WORLD AIRLINES, INC.,**
Defendant.

Margaret M. MAGUIRE et al., Plaintiffs,

v.

**TRANS WORLD AIRLINES, INC.,**
Defendant.

Nos. 70 Civ. 4421, 70 Civ. 3947.

United States District Court,
S. D. New York.

Dec. 29, 1971.

Schofield, Dienst & Allen, New York City, for plaintiff De Figueiredo; Richard A. Dienst, New York City, of counsel.

Poletti Freidin Prashker Feldman & Gartner, New York City, for defendant Trans World Airlines, Inc.; Robert L. Carter, New York City, of counsel.

Richard M. Moss, Gerald E. Paley, New York City, for plaintiffs Maguire, et al.

Gilbert Feldman, Barbara J. Hillman, Chicago, Ill., for Local 550.

LASKER, District Judge.

The forces of women's liberation confront their male counterparts in this litigation. Plaintiff De Figueiredo is a purser employed by Trans World Airlines, Inc. (TWA) who seeks declaratory injunctive relief, claiming that TWA is discriminating against him on the ground of sex by giving preferential treatment to its hostesses in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act of 1963, 42 U.S.C. § 2000e–5(e),(f).[1] Margaret M. Maguire, a TWA stewardess, has brought a class action also seeking declaratory injunctive relief against TWA on the ground that TWA is discriminating against the hostesses in favor of the pursers in violation of the same statutes. De Figueiredo moves at this time (1) pursuant to Rule 42(a), F.R.Civ.P., to consolidate the cases, and (2) under Rule 20, F.R. Civ.P., to join Local 550, Air Line Stewards and Stewardesses Association, TWU, AFL–CIO, as a defendant in the De Figueiredo case.

### The purser's claims

De Figueiredo alleges that as a result of an agreement between TWA and Local 550, the collective bargaining agent for both the pursers and the hostesses, TWA is allowing the hostesses to obtain the higher position of flight service manager in violation of the seniority rights of the pursers. The complaint states that TWA has merged the existing seniority lists for hostesses and pursers, which, it is alleged, has resulted in the furloughing and firing of many pursers. Plaintiff contends that, as a result

---

1. The De Figueiredo case was determined by Judge Cooper on October 2, 1971, not to have been properly brought as a class action.

of "harassment, coercion, and threats" (par. 12, Complaint), TWA is giving the hostesses advantages solely because of their sex.

It is claimed that, since the position of purser requires greater skills and responsibilities than the position of hostess, all existing distinctions between the two positions, including wage differentials, should be maintained and that TWA should be barred from acquiescing in the hostesses' demands for the removal of such distinctions.

### The hostesses' claims

The hostesses' case is the obverse of De Figueiredo's. In contrast to his theory, the hostesses contend that the work performed by pursers and hostesses requires equal skill, effort and responsibility, and that accordingly the disparity in wages between the two groups constitutes discrimination based on sex. The hostesses further allege that the seniority lists preserve the effects of past discrimination because female pursers are not credited with seniority accrued as hostesses before they were permitted to be classified as pursers. In addition, the hostesses set forth a number of other practices of TWA which they allege discriminate against the hostesses and in favor of the pursers.

Rule 42(a) of the Federal Rules of Civil Procedure reads:

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

As Judge Weinfeld stated in a prior proceeding in the De Figueiredo case:

"The operative facts relating to plaintiff's claim of alleged discrimination in this action [De Figueiredo] and those presented in the *Maguire* action are so interlaced and so inseparable that they present a single ultimate issue of whether the defendant's practices and procedures with respect to pursers and hostesses unlawfully discriminate against the pursers or the hostesses, or neither class." (Opinion of February 11, 1971, D.C., 322 F. Supp. 1384).

It is clear that under these circumstances where both suits arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate and will serve the purpose of "trial convenience and economy in administration." MacAlister v. Guterma, 263 F.2d 65, 68 (2d Cir. 1958). As the court stated in Fields v. Wolfson, et al., 41 F.R.D. 329 (S.D.N.Y.1967, opinion of Judge Mansfield):

"The consolidation . . . would serve the purpose of avoiding needless duplication of time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself. It would also enable the proceedings to be expedited and make for economy and convenience generally in the administration of the litigation." (at 330).

Defendant's principal contention in opposition to the motion for consolidation is that, since Local 550, the collective bargaining agent for the hostesses and the pursers, has not been joined as a party defendant in the De Figueiredo case (although it is a plaintiff in Maguire), consolidation would not assure that all the potentially responsible parties are before the court. Defendant argues that, since Local 550 has intervened as a party plaintiff in the Maguire case and has expressed its desire to promote the interests of the hostesses, it should be aligned as a defendant in the De Figueiredo case because the interests of the two groups are in conflict.

Defendant argues further that in a consolidated trial defendant would be prejudiced by being required to defend against two contrary and inconsistent sets of claims.

Conceding the validity of defendant's first argument, De Figueiredo has now moved (affidavit of Richard A. Dienst) to join Local 550 as a party defendant in his case. Since neither Local 550 nor TWA has opposed the motion, and since joinder of Local 550 will result in a consistent position for judical determination, we grant De Figueiredo's motion to join the Local. There remains for consideration defendant's second contention.

TWA has not demonstrated that it will be prejudiced by consolidation of the cases. That it may have to defend itself against inconsistent *claims* does not mean that it will be forced to present inconsistent *defenses*. Its position at trial as indicated in its answers [2] to the two complaints will clearly be that it has discriminated against neither the hostesses nor the pursers. Its defenses to the respective claims will presumably be mutually consistent, and their presentation at a single trial will not impose any unfair burden on TWA.

Furthermore, although it is clear that on the present state of the record consolidation is appropriate, it need not irrevocably freeze the course of the litigation. If issues arise hereafter which ought justly to be tried separately, defendant may then move for a separate trial of any such issue pursuant to F.R.Civ.P. Rule 42(b).

Defendant's reliance on DuPont v. Southern Pacific Co., 366 F.2d 193 (5th Cir. 1966), is misplaced. In that case the Fifth Circuit held that it was an abuse of discretion for the trial court to order consolidation where two sets of plaintiffs with opposing interests were represented by the same lead counsel. In the instant case no such danger exists because the plaintiff in the De Figueiredo case and the plaintiffs in the Maguire case are represented by different counsel.

Nor do the cases of Atkinson v. Roth, 297 F.2d 570 (3d Cir. 1961), and Capstraw v. New York Central R. R. Co., 15 F.R.D. 267 (N.D.N.Y.1954), relied upon by defendant, compel a different result. In *Atkinson*, the court stated that consolidation was improper where confusion and harm would result from the fact that plaintiff in one action was the defendant in the other action. Those facts do not apply in this case. The only possible source of "confusion" here is Local 550's status as a party plaintiff in the Maguire case and as a party defendant in the De Figueiredo case; but this superficial paradox is no paradox at all, since Local 550 supports the claims of the hostesses and opposes those of the pursers.

*Capstraw* involved two actions against a railroad arising out of a collision: one suit instituted by the plaintiff engineer, the other by a plaintiff brakeman. There the "serious obstacle" to consolidation was an evidentiary problem concerning the dismissal notice from the railroad to the engineer after the accident. The court stated that it would have been an impossible task for the jury to consider the admission as to one plaintiff and to disregard it as to the other. No such obstacle exists here.

The motion to consolidate is granted, without prejudice to defendant TWA's right to move hereafter for a separate trial should further discovery of evidence or future circumstances warrant. The motion to join Local 550 as a party defendant in the De Figueiredo case is granted.

2. Paragraph 11 of the answer in the De Figueiredo litigation and paragraphs VI and VII of the answer in the Maguire case.