**In re MASSACHUSETTS HELICOPTER AIRLINES, INC., Petitioner.**

**No. 72-1256.**

United States Court of Appeals,
First Circuit.

Submitted Aug. 1, 1972.

Decided Oct. 25, 1972.

Edward F. Mahony, Boston, Mass., on petition for petitioner.

Before COFFIN, Chief Judge, and ALDRICH and McENTEE, Circuit Judges.

COFFIN, Chief Judge.

This petition for mandamus raises several questions of federal procedure, stemming from a complex of actions arising out of a helicopter crash seven years ago. A helicopter owned by Massachusetts Helicopter Airlines (Owner) crashed while piloted by one DeLuca (Employee), injuring passengers Marilyn Thomas and her daughter, and killing Mrs. Thomas' husband. The helicopter was manufactured by Bell Aerospace Corp. (Manufacturer). Out of the accident arose ten actions which were consolidated for trial in the District Court for the District of Massachusetts. Three of the ten cases involving the helicopter passengers as plaintiffs, and the Employee as defendant, were voluntarily dismissed by Mrs. Thomas. One case was discontinued as being duplicative of an existing case. Another case was dismissed pursuant to stipulation on the eve of trial as a result of a $400,000 settlement between Mrs. Thomas and the Manufacturer. The five remaining cases were then tried together, first on liability, then on damages. It is the disposition of these five cases which has led to the Petition by Owner for Mandamus.

In three cases, CA 65–738–M, CA 65–739–M, CA 65–740–M, (cases 738, 739, and 740), plaintiff Marilyn Thomas acting on behalf of her daughter, as administratrix of her husband's estate, and individually, respectively, sued Owner in negligence for personal injuries to these three helicopter passengers. In each case Owner filed a third party claim against Manufacturer for negligent design, testing and manufacture of the helicopter part which failed in flight and caused the crash. In a fourth case, CA 66–427–M (case 427), Employee-Pilot DeLuca sued Manufacturer for personal injury also on the ground of negligent design, testing and manufacture. In the last case, CA 66–426–M (case 426), Owner sued Manufacturer for property damage due to alleged breaches of express and implied warranties and for negligent design, testing and manufacture. An attempt to sever 427 was denied on November 10, 1970. Subsequently, all five cases proceeded to trial as consolidated. On June 4, 1971, the jury returned the following special verdict:

1. Was the crash of the helicopter proximately caused by negligence on the part of Massachusetts Helicopter Airlines (Owner)? YES

2. Was the crash of the helicopter proximately caused by negligence on the part of Albert J. DeLuca (Employee)? NO

3. Was the crash of the helicopter proximately caused by negligence on the part of Bell Aerospace Corp. (Manufacturer)? NO

4. When the helicopter was delivered to (Owner), by the (Manufacturer), was it then and there, solely by reason of the design of the grip fitting, defective and not reasonably fit to be used for its ordinary purposes? NO

On June 7, 1971 Manufacturer moved for leave to amend its answer in case 426 by adding a counter-claim against Owner for contribution because Manufacturer had settled with Mrs. Thomas in three cases for $400,000.

As a result of these verdicts, the trial court, on September 30, 1971, entered judgments for Marilyn Thomas against Owner in cases 738, 739, 740 and dismissed third-party complaints by Owner against Manufacturer in each of these cases. In case 426 the trial court denied a new trial motion and entered judgment in favor of defendant Manufacturer, dismissing the complaint filed by Owner. In case 427, after judgment was entered for defendant Manufacturer, a motion by plaintiff Employee for a new trial was granted "for the reason that the verdict is against the weight of the evidence and results in a miscarriage of justice."

On June 1, 1972 Owner filed a "motion for certificate in each case under F.R. Civ.P. 54(b) and a stay of enforcement of judgment in each case under F.R.Civ. P. 62(h)" in cases 738, 739, 740, and 426. Owner contended that all of the consolidated cases constitute but one "judicial unit" within "the intent of Rule 54(b)",[1] and the presence of multiple parties required that a certificate be obtained. Marilyn Thomas "consented" to Owner's request for a certificate as to those cases in which she is plaintiff. Manufacturer "concurred" in the motion for a certificate only in case 426 apparently because of the pendency of the unsettled counter-

---

1. Rule 54(b) provides:
   "When more than one claim for relief is presented in *an action*, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate *the action* as to any of the claims or parties. . . . " [Emphasis added.]

claim of June 7, 1971, and contended that a certificate is not necessary to appeal judgments in cases 738, 739, and 740 since the issues in each of those cases were fully adjudicated and final judgments were entered. Manufacturer contended that Rule 54(b) did not apply at all here because the consolidation order with regard to cases 738, 739, and 740 "did not affect their identity as separate actions".

Apparently accepting Manufacturer's contentions, the district court denied Owner's motions for a 54(b) certificate in 738, 739, and 740 and granted the certificate in 426. Stay of judgment was denied in all of the cases. Subsequently Owner, for reasons best known to it, filed this Petition for Mandamus to forestall review in any of the four cases until 427 is re-tried, alleging that the district court's action amounts to an abuse of discretion.

There are two quite different kinds of questions presented. The first is whether or not the court erred as a matter of law in not treating the consolidated cases as one action, so that, in the absence of a Rule 54(b) determination, the appeals in 738, 739, and 740 are not before us. The second question is whether, even if there is appellate jurisdiction over these three cases, the court abused its discretion in (a) refusing to stay appellate proceedings in these cases until 427 is retried and (b) granting the solitary 54(b) certificate in 426.

Addressing the first question, we note that the essence of Rule 54(b) relates only to multiple claims or multiple parties in one "action". While this appears to be but a narrow procedural question, in actuality its resolution is intertwined with the delicate balance between the public interest in judicial economy and the private interest of every litigant in the conduct of his own litigation as reflected in every court action taken pursuant to Rule 54. When, and if, con-

solidated actions become one new action may affect issues other than appealability under Rule 54(b).

The Federal Rules of Civil Procedure were intended to define with greater certainty than in the past the term "action". "There shall be one form of action to be known as 'civil action'." Rule 2, F.R.Civ.P. "A civil action is commenced by filing a complaint with the court." Rule 3, F.R.Civ.P. In the present case, separate complaints were filed or removals effected of separate state court actions in cases 738, 739, 740, 426, and 427. Except for the consolidation of these cases for convenience of pre-trial and trial procedure, the cases maintained their separate identities throughout the litigation. Separate judgments were entered in each of the five cases. Thus the literal reading of Rule 54(b) in conjunction with Rules 2 and 3 would foreclose any interpretation which mandates certification in all consolidated action settings.

This construction of the Rules is reinforced in the instant case when the theory behind consolidation of actions is examined. "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–497, 53 S.Ct. 721, 727, 77 L.Ed. 1331 (1933). See also Oikarinen v. Alexian Bros., 342 F.2d 155 (3d Cir. 1965); Zdanok v. Glidden Co., 327 F.2d 944, 950 n. 6 (2d Cir. 1964); Tiernan v. Dunn, 295 F.Supp. 1253 (D.R.I.1969).[2] "One or many or all of the phases of the several actions may be merged. But merger is never so complete even in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately. The actions retain their separate identity, and the parties and plead-

2. Other authorities are Greenberg v. Giannini, 50 F.Supp. 33 (S.D.N.Y.1943); Cecil v. Missouri Public Service Corp., 28 F.Supp. 649 (W.D.Mo.1939); Mac-

Alister v. Guterma, 23 F.R.D. 124 (S.D. N.Y.1959). See also Lumiansky v. Tessier, 213 Mass. 182, 99 N.E. 1051, 1054 (1912) for statement of general rule.

ings in one action do not automatically become parties and pleadings in the other action." J. Moore, Federal Practice ¶ 42.02, at 42–21, 42–22 (2d ed. 1971).[3]

Only two cases have come to our attention which could arguably support a contrary result. But in Roden v. Empire Printing Co., 16 Alaska 28, 135 F.Supp. 665, 667 (1955) where a broad statement was made that after consolidation, the merged suits "constitute but one action", the problem was the awarding of attorney's fees in three consolidated libel cases, the amount to be awarded for three separate fees being considerably more than a single joint fee. That the problem was solved by application of a broader rule than necessary does not persuade us of its validity. And in Meyer v. Indian Hill Farm, 258 F.2d 287, 290 (2d Cir. 1958), the court, faced with an appeal from an interlocutory order appointing a receiver in one of three consolidated cases, rested its appellate jurisdiction on 28 U.S.C. § 1292(a)(2). It added that its decision could not be affected "by the fact that the [instant] suit was consolidated with two others and the district [judge] did not enter a Rule 54(b) certificate." Whether or not this is an implicit assumption that, but for § 1292(a) (2), there would be no jurisdiction, we find no strength in such an *ipse dixit*.

We therefore conclude that, no certificates having been necessary in 738, 739, and 740, those cases are properly appealable and should be docketed. As to the court's refusal to stay proceedings in these cases until 427 is retried, we note that a court's specific authority under the rules is limited to the staying of a "judgment [ordered] under the conditions stated in Rule 54(b)". Rule 62

(h), F.R.Civ.P. Moreover, the absence of any abuse of discretion, both as to its refusal to stay and as to its granting a certificate in 426, is amply indicated by analysis of the issues presented in the various cases.

First, we note that the trial court did grant a certificate in the property damage case, 426, thereby bringing the issue of the Manufacturer's negligence before us.[4] This is the identical issue raised by the third-party personal injury complaints in 738, 739, and 740, which we have held are properly before us. Second, we realize the possibility that a new trial in 427 could result in a finding of negligence on the part of the Manufacturer, with recovery by the Employee. Even if 427 is thus resolved, the remaining four cases would be unaffected. The district court apparently believes that the findings of Manufacturer's nonliability to Owner in negligence and breach of warranty and of Owner's liability to the passengers in negligence are final and ready for appeal. A finding of negligence on the part of Manufacturer in 427 would not help the Owner whose contributory negligence would preclude its recovery in 738, 739, 740, and 426. In fact, Owner's best chances for ultimate success might well be served by expedited appellate review of the finding of its own negligence which may be its greatest obstacle to recovery against Manufacturer. Additionally, we note, without expressing an opinion on the matter, that the duty which forms the basis of any negligence action may well be different with respect to different individuals, such as pilots and passengers of the helicopter and for the corporate-buyer who might more easily inspect for defects. Thus different legal questions may arise on re-trial of 427

---

3. Whether, as Moore states, consolidated actions must remain separate actions under every conceivable set of circumstances is a question which need not be answered at this time. We can see, for example, that in cases such as *Tiernan* there may be no sense in prohibiting a court from consolidating identical actions to form one new action. No one would appear

to be prejudiced and unnecessary paper work could be eliminated.

4. The pending counter-claim for contribution is sufficiently unrelated to the helicopter accident itself so that the trial court could have justifiably kept it for trial while allowing the original action to proceed along the appellate ladder. M.G. L.A. ch. 231B, § 1 et seq.

which are absent from the other four cases. In light of all these facts, it is clear that the court committed no abuse of discretion in refusing to stay appellate proceedings in 738, 739, and 740 or in granting a 54(b) certificate in 426.

Finally, petitioner seeks mandamus to require early trial of 427. While we are conscious of the fact that this litigation is now over seven years old, we see no proper basis for a peremptory order. We have full confidence that the court, insofar as the many other contending pressures allow, will seek early resolution.

The petition for mandamus is denied.