CENTRAL STATES SOUTHEAST AND
SOUTHWEST AREAS PENSION
FUND and Daniel J. Shannon

v.

KRAFTCO, INC., d/b/a Sealtest
Foods Division.

KRAFT, INC.

v.

LOCAL UNION 327, TEAMSTERS,
CHAUFFEURS, HELPERS AND
TAXICAB DRIVERS.

Nos. 78–3135, 79–3064.

United States District Court,
M. D. Tennessee,
Nashville Division.

July 16, 1981.

Charles Edwards, Atlanta, Ga., Terry M. Brooks, Nashville, Tenn., for plaintiffs.

R. Jan Jennings, Cecil D. Branstetter, Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, District Judge.

This action was originated by the filing of Civil Action No. 78–3135–NA–CV by the Central States Southeast and Southwest Pension Fund and Daniel J. Shannon as Trustee (hereinafter the Fund) on behalf of the Fund's participants and beneficiaries. The complaint alleges that the defendant Kraft, Inc., has failed and refused to make certain required payments to the Fund pursuant to a collective bargaining agreement between Local Union 327 (hereinafter the Union) and the defendant, Kraft, Inc.

On November 10, 1978, the Court denied Kraft, Inc.'s motion to join the Union since Kraft, Inc., could raise any defenses it may have to the Union in the contract, against the Fund as well. In response, Kraft, Inc., initiated separate Civil Action No. 79–3064–NA–CV against the Union in which it sought a declaratory judgment as to the collective bargaining agreement and as to a side agreement in letter form, between Kraft, Inc., and a former official of the Union. In later consolidating the two actions, the Court recognized the practical result as joinder of the Union as a party, (previously denied), but cited uncertainty of this Circuit's position on joinder as explanation for its reconsideration of the issue. There are numerous other issues, many of which are the result of a contract which failed to take into clear account the existence of three separate bargaining units of Local Union 327.

This case is presently before the Court on the parties' cross-motions for summary judgment as to the issues discussed below. The Union's motion to dismiss will be granted while other motions for summary judgment will be denied.

## JOINDER

The issue here is not whether the Union is indispensable but whether this accessible party should be joined. First, the Court notes the obvious: both civil cases ask that the collective bargaining agreement be construed, whether that agreement consists of only the formally ratified document or that instrument plus the supplemental letter. Both the Fund and Kraft, Inc., focus upon the issue of which beneficiaries (employees) had vested pension rights from 1969 until the date of the most recent collective bargaining agreement.

Fed.R.Civ.P. 19 provides criteria for determining whether an unjoined party's interest is sufficiently substantial that a Court should not proceed to a decision on the merits in its absence. *Boles v. Greeneville Housing Authority*, 468 F.2d 476 (6th Cir. 1980). More specifically, Fed.R.Civ.P. 19(a)(1) is designed to protect those who already are parties by requiring the presence of persons who have an interest in the litigation so that any relief that may be awarded will completely adjudicate the dispute. *State of Tennessee ex rel. Davis v. Hartman*, 306 F.Supp. 610 (E.D.Tenn.1969). The application of this standard requires foresight and creativity on the part of the Court as well as on the part of counsel since it is in the best interests of all the parties to avoid circuity and multiplicity of actions.

The Court has thoughtfully reviewed both parties' positions as to the advisability of leaving the Union as a party and has looked to the paucity of cases directly on point in making its decision. Where contractual rights are involved, as here, and where third party beneficiaries are parties, the Courts have rejected the argument that all of the original parties to a contract must be joined. *Sandobal v. Armour & Company*, 429 F.2d 249 (8th Cir. 1970); *see*, 7 WRIGHT AND MILLER, *Federal Practice and Procedure*, Civil § 1613, page 127.

More to the point, most Courts view the trustees of union funds as the real parties in interest in suits to recover sums due from the employer. *Carpenters & Mill, Health B.T.F. v. Domestic Insul. Co.*, 387

**422**

F.Supp. 144 (D.C.Colo.1975); *Wishnik v. One Stop Food & Liquor Store, Inc.*, 359 F.Supp. 239 (N.D.Ill.1973); *Owen v. One Stop Food & Liquor Store, Inc.*, 359 F.Supp. 243 (N.D.Ill.1973).

■ Kraft, Inc., has not presented a scenario of events or of potential prejudicial verdicts such as cannot be avoided by this Court's careful fashioning of remedies. For that reason, the Union will be dismissed in an appropriate order filed simultaneously with this opinion.

## LABOR MANAGEMENT RELATIONS ACT STATUTE OF LIMITATIONS

■ Since the Labor Management Relations Act provides no specific period of limitations for institution of unfair representation actions, timeliness is determined by reference to appropriate state limitations on similar suits. *International Union, United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966); *Reliford v. Eastern Coal Corp.*, 260 F.2d 447 (6th Cir. 1958), cert. denied, 359 U.S. 958, 79 S.Ct. 797, 3 L.Ed.2d 765 (1959).

■ This is an action for breach of collective bargaining agreements, contracts by which the defendant is allegedly bound. The appropriate Tennessee statute of limitations, therefore is the general six-year statute regarding breaches of contract, Tenn. Code Ann. § 28–3–109(3). *See Carpenters & Mill Health Benefit Trust Fund v. Domestic Insulation Co.*, 387 F.Supp. 144 (D.Colo.1975); *Sanders v. Louisville & Nashville R.R.*, 144 F.2d 485 (6th Cir. 1944). The Fund can therefore, pursue its remedy for alleged breaches which occurred from April 20, 1972. This is not to imply, however, that earlier contracts are irrelevant to the issues at hand.

## ERISA

■ *ERISA* has no applicability to claims antedating January 1, 1975.

The First Circuit, speaking in *Cowan v. Keystone Employee Profit Sharing Fund*, 586 F.2d 888 (1st Cir. 1978), concluded that no recovery under *ERISA* could be had for claims arising prior to January 1, 1975. See also, *Reiherzer v. Shannon*, 581 F.2d 1266 (7th Cir. 1978). Consequently, a recovery under *ERISA* will be possible only with respect to the Collective Bargaining Agreement in effect from January 1, 1975 through December 31, 1977.

## ISSUES OF FACT PRECLUDING SUMMARY JUDGMENT

■ The resolution of the central dispute in this action depends upon the intent of Kraft, Inc., and the Union in their execution of Collective Bargaining Agreements after April 20, 1972. Embedded in that question is the issue of whose specific intent qualifies as the operative intent. This is not resolved by Mr. William Ellis' statement that Mr. Vestal had authority to ratify agreements for the Union nor by Mr. Vestal's assumption of the privilege or responsibility. The record is silent on meaningful proof as to effective mechanisms of Union ratification of its agreements with Kraft, Inc.

Stated another way, this Court is not convinced as to the intent of the Union representatives and/or Kraft, Inc. Proof beyond that submitted in this record will be required.

An appropriate order is filed simultaneously with this memorandum.