**KRAFT, INCORPORATED,
Plaintiff-Appellant,**

v.

**LOCAL UNION 327, TEAMSTERS, CHAUFFEURS, HELPERS AND TAXICAB DRIVERS, Defendant-Appellee.**

**No. 81–5630.**

United States Court of Appeals,
Sixth Circuit.

Argued June 23, 1982.

Decided June 23, 1982.

ability of federal courts to properly determine issues that are primarily state concerns.

Terry M. Brooks, Constangy, Brooks & Smith, Nashville, Tenn., Charles A. Edwards, Constangy, Brooks & Smith, Atlanta, Ga., for plaintiff-appellant.

R. Jan Jennings, Cecil D. Branstetter, Branstetter, Moody & Kilgore, Nashville, Tenn., for defendant-appellee.

Before LIVELY and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Kraft, Incorporated (Kraft) from the dismissal of its declaratory judgment action against Teamsters Union Local 327 (Union), which cause sought a determination of Kraft's obligations under the collective bargaining agreement to make pension contributions. In a published opinion, 527 F.Supp. 420, the district court construed Kraft's suit against the Union, which had been consolidated for trial with a separate action by the Teamsters Central States Southeast and Southwest Areas Pension Fund (Fund) against Kraft involving the same disputed contributions, as an attempt by Kraft to impermissibly join the third party beneficiaries of a contract (Union) as a party to a suit wherein the real party in interest (Fund) was an original litigant. Inasmuch as the judgment below is predicated upon an erroneous interpretation of the effect of consolidating suits for trial, the decision of the district court is reversed.

The case presently at bar was filed by Kraft in response to a separate action instituted by the Fund against Kraft alleging that Kraft had failed to make certain payments to the retirement fund imposed by the collective bargaining agreement between Kraft and the Union. Kraft initially sought to join the Union as a party to the Fund's lawsuit but the district court denied the motion for joinder.

Kraft thereupon filed the present action against the Union seeking a declaration of rights under the collective bargaining agreement, which, it asserted, was modified on the subject of pension fund contributions by a letter agreement with the Union dated June 26, 1969. Kraft's lawsuit and that of the Fund were accordingly consolidated for trial. While so consolidated, Kraft, the Union and the Fund each moved for summary judgment in both respective cases.

The district court denied the motion of all parties for summary judgment and concluded that an issue of material fact existed between Kraft and the Union as to "whose specific intent qualifies as the operative intent" in construing the alleged letter modification of the bargaining agreement between Kraft and Union. 527 F.Supp. at 422. Nevertheless, the lower court dismissed the Union as a party in the consolidated cases. As noted on appeal by Kraft, such a dismissal had the anomalous effect of terminating Kraft's action against the Union while plainly concluding that a genuine issue of fact existed as to "the central dispute" between Kraft and the Union.

■ The district court reached this result by subjecting Kraft's properly filed action against the Union to review as a motion for joinder. The lower court concluded that a "careful fashioning of remedies" would permit the consolidated litigation to proceed in the absence of the Union without prejudice to Kraft. *Id.* This analysis is inapposite. As recognized by the Supreme Court in *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933):

> Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another. (Citations omitted).

*Accord: State Mutual Life Assurance Co. of America v. Deer Creek Park*, 612 F.2d 259, 267 (6th Cir. 1979). Accordingly, the presence of Kraft's separate claim against the Union in a consolidated proceeding did not render that claim liable to dismissal as a motion for joinder in the companion case.

■ Moreover, inasmuch as the consolidation of both actions below did not merge the suits into a single cause, it is beyond peradventure that the trial court's decision dismissing the Union and thereby terminating Kraft's action is a final appealable order not requiring further certification pursuant to Fed.R.Civ.P. 54(b). *See In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439 (1st Cir. 1972).

Wherefore, the judgment of the district court dismissing the Union from Civil Action No. 79–3064–NA–CV is hereby reversed and the matter is remanded for further proceedings not inconsistent with this opinion.