786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GERALD M. LARSON, Plaintiff/Cross Claimant-Appellant
v.
EX-CELL-O CORPORATION, a Michigan corporation; and CADILLAC
GAGE COMPANY, a Michigan corporation; VERNE CORPORATION,
HAGAN INDUSTRIES, STANDARD FORGE and AXLE COMPANY and OLD
DOMINION MANUFACTURING COMPANY, Defendants-Appellees.
 84-1329, 84-1465
 United States Court of Appeals, Sixth Circuit.
 2/13/86
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MARTIN and CONTIE, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Gerald Larson appeals the dismissal of two cross-claims against the Verne Corporation, Hagan Industries, Standard Forge and Axle Company, and Old Dominion Manufacturing Company; he also appeals the denial of his motion for leave to amend his cross-claims. Because Verne is in bankruptcy, a stay of all appellate proceedings in this case has been granted the company. The cross-claims arose in ongoing litigation against Ex-Cell-O Corporation and the Cadillac Gage Company in which four cases had been consolidated. The first of these consolidated cases was filed in January 1978.
 
 
 2
 In November, 1980, Larson filed a cross-claim against Verne, Hagan, Standard Forge, and Old Dominion. Larson claimed that Verne had breached a joint venture agreement with him. Larson also claimed that Verne, Hagan, Standard Forge and Old Dominion had conspired to breach the joint venture agreement and that those parties had infringed on his patents. On October 7, 1982, applying the doctrine of judicial estoppel, the district court granted the cross-claim defendants' motion for summary judgment as to the allegations concerning a joint venture and a conspiracy to breach that venture. On November 15, 1982, the district court denied a motion by Larson to amend his cross-claim, finding that Larson had failed to explain satisfactorily his delay in filing the amended claim and that the proposed amendment would be futile and prejudicial to Hagan, Standard Forge and Old Dominion. Larson's patent infringement allegations were dismissed on July 25, 1983, thus eliminating from the litigation Verne, Hagan, Standard Forge and Old Dominion, all of which had already settled their claims with the defendants Cadillac Gage and Ex-Cell-O.
 
 
 3
 On February 27, 1984, Larson settled his original claims in the consolidated actions and on March 22, 1984, he filed his first notice of appeal from the October 22 and November 15 decisions of the district court. The cross-claim defendants filed a motion to dismiss based on the timeliness of the appeal. They alleged that either the appeal was tardy because it should have been filed within thirty days of July 25, 1983, or too early because part of the consolidated litigation was still on the docket of the district court as of March 22, 1984. After the consolidated actions were completely settled on May 24, 1984, Larson filed a second notice of appeal on June 25, 1984. The cross-claim defendants again moved for dismissal.
 
 
 4
 Before proceeding to the merits of the appeal, we address the cross-claim defendants' motions to dismiss. We find that the March 22, 1984, notice of appeal was timely and so we have jurisdiction over this appeal. The consolidation of the various actions pending before the district court did not merge the actions into a single cause of action. We have ruled that consolidation does not merge separate cases into a single cause of action. Kraft, Inc. v. Local Union 327, 683 F.2d 131, 133 (6th Cir. 1982); see also In re Massachusetts Helicopter Airlines, Inc., 469 F.2d 439 (1st Cir. 1972). Under the Kraft analysis, the continuation of a part of the consolidated actions did not affect the appealability of Larson's cause of action. When Larson's action was settled on February 27, 1984, it became ripe for appeal.
 
 
 5
 On the merits Larson argues the lower court improperly applied the doctrine of judicial estoppel to his cross-claims. In November, 1976, Ex-Cell-O and its subsidiary Cadillac Gage filed a complaint against Verne, several Verne employees, and two former Cadillac Gage employees including Larson. The complaint was filed in the Circuit Court of Macomb County, Michigan. Hagan, Standard Forge, Old Dominion and Sage International were later added as defendants. In the complaint, Cadillac Gage, the only manufacturer of military armored personnel carriers in the United States, claimed that Verne, a potential entrant into that market, had misappropriated many of its trade secrets. The trade secrets and other confidential material belonging to Cadillac Gage had supposedly been furnished to Verne by Larson. During part of the Macomb County litigation, Larson was represented by Verne's counsel.
 
 
 6
 We have held before that the 'doctrine of judicial estoppel applies to a party who has successfully and unequivocally asserted a position in a prior proceeding; he is estopped from asserting an inconsistent position in a subsequent proceeding.' Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982). To assert a position successfully means that the first court has accepted the position, i.e., 'the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.' Id. at 599 n.5. The function of judicial estoppel is 'to protect the judiciary, as an institution, from the perversion of judicial machinery.' Id. at 599.
 
 
 7
 In this case, Larson was clearly successful in the state court action in maintaining the position that he had no agreement of any kind with Verne. The Macomb County judge specifically noted that '[a]n agreement could not be reached' concerning a venture to produce armored personnel carriers.
 
 
 8
 Larson, moreover, made numerous statements during the course of the state court litigation to the effect that he had no agreement with Verne. In one affidavit, Larson unequivocally stated: 'There at no time existed any agreement or understanding, implied or express, between myself and Verne relating to any matter excepting the defense of this litigation.' Larson's statements in the Macomb County litigation are clearly inconsistent with his cross-claim here where he alleges that he and Verne had formed a joint venture. The doctrine of judicial estoppel precludes Larson from now claiming that such a joint venture existed and we find his argument that the doctrine was improperly applied because he was somehow misled by Verne's counsel in the state court action to be without merit.
 
 
 9
 Larson also appeals the dismissal of his cross-claim stating that Verne, Hagan, Standard Forge and Old Dominion had conspired to breach the claimed joint venture between Verne and Larson. An essential requirement of a cause of action for conspiracy to breach a joint venture is the existence of a valid joint venture. As Larson is judicially estopped from claiming that a joint venture existed between himself and Verne, the dismissal of the cross-claim of a conspiracy to breach was proper.
 
 
 10
 Concerning the denial of Larson's motion to amend his cross-claim, leave to amend 'shall be freely given when justice so requires.' Fed. R. Civ. P. 15(a). It is well established, however, that if the proposed amendment would be subject to dismissal and thus futile, the district court may deny a motion for leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962); Neighborhood Develop. v. Advisory Council, 632 F.2d 21, 23 (6th Cir. 1980). Larson's amendment would modify his earlier cross-claim to state that both Verne and Sage International had entered into a joint venture with Larson, that Verne, Hagan, Standard Forge, and Old Dominion had conspired to breach the claimed joint venture, and that Hagan, Standard Forge, and Old Dominion had joined Larson, Verne, and Sage in the joint venture in October, 1976. Larson stated unequivocally in the state court litigation that he had no agreement with Verne. An amendment that he had a joint venture not only with Verne but with numerous other parties would be subject to dismissal under the doctrine of judicial estoppel and thus futile. The district court did not abuse its discretion in denying the motion for leave to amend.
 
 
 11
 We find that the notice of appeal filed on March 22, 1984, was appropriately filed, vesting appellate jurisdiction with us. On the merits, we affirm the action of the district court.
 
 
 12
 Judgment affirmed.