CABLEVISION SYSTEMS
DEVELOPMENT
COMPANY

v.

MOTION PICTURE ASSOCIATION OF
AMERICA, INC., et al., Appellants,

U.S. Copyright Office and its Register.

NATIONAL CABLE TELEVISION AS-
SOCIATION, INC., an incorporated
association, et al.

v.

COLUMBIA PICTURES INDUSTRIES,
INC., et al., Appellants,
U.S. Copyright Office
and its Register.

CABLEVISION COMPANY, a New
York limited partnership

v.

MOTION PICTURE ASSOCIATION OF
AMERICA, INC., et al., Appellants,

U.S. Copyright Office and its Register.

NATIONAL CABLE TELEVISION
ASSOCIATION, INC., an
incorporated association

v.

COLUMBIA PICTURES INDUSTRIES,
INC., et al., U.S. Copyright Office and
its Register, Appellants.

CABLEVISION SYSTEMS DEVELOP-
MENT COMPANY, Appellant,

v.

MOTION PICTURE ASSOCIATION OF
AMERICA, INC., et al.

NATIONAL CABLE TELEVISION AS-
SOCIATION, INC., an incorporated as-
sociation Cablevision Systems Develop-
ment Company, Appellant,

v.

COLUMBIA PICTURES
INDUSTRIES, INC., et al.

CABLEVISION COMPANY, a New
York limited partnership,
Appellant,

v.

MOTION PICTURE ASSOCIATION OF
AMERICA, INC., et al.

Nos. 86–5552 through 86–5554, 86–5597
and 86–5635 through 86–5637.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 6, 1987.

Edward Bennett Williams and Arthur Scheiner, Washington, D.C., were on the Copyright Owners' motion to dismiss.

Mark J. Tauber, Michael A. Schlanger, Deborah C. Costlow and Nora E. Garrote, Washington, D.C., were on the opposition.

Before RUTH B. GINSBURG and WILLIAMS, Circuit Judges, and McGOWAN, Senior Circuit Judge.

PER CURIAM:

Rule 4(a)(1) of the Federal Rules of Appellate Procedure generally allows 30 days after the entry of judgment in the district court for the filing of a notice of appeal; if the United States or an officer or agency thereof is a party, however, the notice of appeal filing time for any party to the action is enlarged to 60 days. The motion before us concerns the choice between these time limitations in a fully consolidated proceeding in which one or more of the actions involves no government party, and one or more includes the United States or an officer or agency thereof. We hold that in actions thus consolidated for adjudication, the longer, 60–day limit applies to all parties in each of the actions.

## I.

Cablevision Company ("Cablevision") brought two separate actions against the Motion Picture Association of America, Inc. and some of its member companies ("copyright owners"). *Cablevision Co. v. Motion Picture Association of America, Inc.*, C.A. No. 83–1655 (D.D.C. filed June 8, 1983) ("*Cablevision I*"); *Cablevision Co. v. Motion Picture Association of America, Inc.*, C.A. No. 84–3097 (D.D.C. filed Oct. 4, 1984) ("*Cablevision II*"). In addition, the National Cable Television Association ("NCTA") filed an action against the same copyright owners. *National Cable Television Association, Inc. v. Columbia Pictures Industries, Inc.*, C.A. No. 83–2785 (D.D.C. filed Sept. 21, 1983) ("*NCTA*") All three actions concern the proper interpretation of Section 111 of the Copyright Act of 1976, 17 U.S.C. § 111 (1982), which governs compulsory licenses for secondary transmissions by cable systems. Cablevision, a member of NCTA, was granted plaintiff-intervenor status in *NCTA*. The district court, on its own motion, ordered that NCTA join the Copyright Office and the Register of Copyrights as necessary party

defendants in *NCTA*. The Copyright Office and the Register of Copyrights were not parties to the two actions brought by Cablevision.

The district court consolidated the three cases "for all purposes," and issued a final order disposing of all three, 641 F.Supp. 1154. Cablevision, in all three cases, filed notices of appeal 60 days after entry of the final order. The copyright owners moved to dismiss Cablevision's appeal in the two cases to which the Copyright Office and its Register are not parties. They argue that Cablevision had only 30 days after entry of the final order to notice its appeal in those cases. We reject the copyright owners' contention.

## II

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides in pertinent part:

> In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.

Neither Rule, nor advisory committee note, nor published court of appeals opinion answers the question before us: which limit —60 days or 30 days—applies to a case between private parties that is consolidated for all purposes with an action involving a government party? We think it most sensible, fair, and efficient to apply a single time limit to the filing of appeal notices in such consolidations, and to hold open to all

parties the 60–day prescription available to the government and those engaged in litigation with the government. Common sense suggests that if cases are so closely related as to be suitable for consolidation,[1] it is improbable that the appeal of any one case can practicably go forward until time for appeal in all the cases has passed (or until all parties with standing to appeal have done so).

The copyright owners argue that *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933), precludes this approach. *Johnson* held that a court could not extinguish applicable limitations on collateral attack by consolidating the first suit (in which the order under attack had been issued) with a subsequent one (in which the attack was made). *Id.* at 495–97, 53 S.Ct. at 727–28. The Court stated that

> consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.

*Id.* at 496–97, 53 S.Ct. at 727–28. Following *Johnson*, courts have repeatedly held that consolidation must not operate to abridge, enlarge or modify the substantive rights parties would have if the cases proceeded separately. *See, e.g., Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, Helpers & Taxicab Drivers*, 683 F.2d 131, 133 (6th Cir.1982); *State Mutual Life Assurance Co. v. Deer Creek Park*, 612 F.2d 259, 267 (6th Cir.1979); *DeGraffenreid v. General Motors Assembly Division, St. Louis*, 558 F.2d 480, 486 (8th Cir.1977). *See also* 5 *Moore's Federal Practice* ¶ 42.-02[3] at 42–28 (1986) ("But merger is never so complete even in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately.").

---

1. Fed.R.Civ.P. 42(a) provides:
   When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

We do not believe, however, that the right to be relieved of the risk of appeal within 30 rather than 60 days qualifies, in the circumstances at issue, as a substantial right within the compass of the *Johnson* principle. Nor do we believe that a different outcome is required by the fact that Cablevision filed three notices of appeal and paid three filing fees. (It so happens that the Clerk of the District Court for the District of Columbia requires such multiple filings, but we place no weight on that fact.)

Consolidation is aimed at moving cases forward as one procedural unit. Thus, several recent decisions hold that an order deciding fewer than all of several cases consolidated for all purposes does not become a final judgment, absent an "express determination" to that effect pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[2] *See Huene v. United States,* 743 F.2d 703 (9th Cir.1984); *Ivanov-McPhee v. Washington National Insurance Co.,* 719 F.2d 927 (7th Cir.1983); *Ringwald v. Harris,* 675 F.2d 768 (5th Cir. 1982). *But see In re Massachusetts Helicopter Airlines, Inc.,* 469 F.2d 439, 442 (1st Cir.1972); *Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, Helpers & Taxicab Drivers,* 683 F.2d 131, 133 (6th Cir. 1982).[3]

Our concern here, as in Rule 54(b) applications, is for the expeditious movement of cases from district court to court of appeals without procedural stoppers that serve no sensible purpose. We are guided, moreover, by the general instruction that procedural rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Accordingly, we hold that when, as in the *Cablevision* and *NCTA* cases, civil actions are consolidated for all purposes and the district court enters a single final judgment or order simultaneously disposing of all the cases, all parties have 60 days to file a notice of appeal if the United States or an officer or agency thereof is a party in at least one of the consolidated actions. Because Cablevision filed its notices of appeal within 60 days of the district court's final order, the copyright owners' motion to dismiss Cablevision's appeals in the two *Cablevision* cases is denied.

*It is so ordered.*

---

**2.** Fed.R.Civ.P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**3.** Although courts have cited *Massachusetts Helicopter Airlines* as setting out a general rule that a Rule 54(b) determination is not necessary for immediate appeal of an order deciding only one of several consolidated cases, *see, e.g., Huene,* 743 F.2d at 704; *Kraft,* 683 F.2d at 133, that decision is not necessarily at odds with the more recent cases. The consolidation in *Massachusetts Helicopter Airlines* was apparently not for all purposes but only "for convenience of pre-trial and trial procedure." 469 F.2d at 441. "[T]he cases maintained their separate identities throughout the litigation," and separate judgments were issued in each of the five cases. *Id.*