837 F.2d 476
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marques L. & Leonard STROTHER, Plaintiffs-Appellants,
(86-1886), Claimants-Appellants, (86-1887/86-2099),
v.
UNITED STATES of America, Defendant-Appellee, (86-1886),
Plaintiff-Appellee, (86-1887/86-2099),
One Gray Samsonite Suitcase, Model 200; Approximately 41.75
Pounds of Gold Nuggets; One Jade Bracelet; and
11 Pieces of Assorted Jewelry, Defendants.
 Nos. 86-1886, 86-1887 and 86-2099.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On December 21, 1981, Marques Strother flew from Frankfurt, West Germany, to London, England, thence to New York City. He missed his connecting flight in London and flew to the United States with Pan American instead of British Airways, as originally scheduled. Although he had been assued that his luggage would be checked through to his final destination in Detroit, Michigan, when he arrived, his luggage was missing.
 
 
 2
 On December 23 or 24, a representative of Pan American delivered two pieces of luggage to the home of Marques' father, Leonard Strother, in Detroit. One piece was Marques', but the other was not. On December 25, having noticed that the other suitcase was unusually heavy, and fearing that it might contain a bomb, Leonard Strother called the police. After inspecting the suitcase and verifying that it did not contain explosives but, instead, jewelry and over forty pounds of gold nuggets, the police officers confiscated it and turned it over to the United States Customs Service.
 
 
 3
 Marques Strother filed a lost property claim with Pan American, saying that he had received only one of his pieces of luggage. Pan American made a financial settlement on this claim.
 
 
 4
 Attached to the mysterious suitcase was a British Airways luggage tag showing that the bag was destined for Detroit on a Pan American flight which originated in London and arrived in Detroit on December 23, 1981. Another baggage stub marked "British Airways--Nairobi" was also affixed to the case. The address label on the suitcase read: "John Smith, 115 Bleubiun Road, North Nancarro, Middlesex, England." Investigation by both the United States and British Customs Services revealed this address to be fictitious. There was no evidence that a customs declaration had been made as required by 19 U.S.C. Secs. 1485 and 1497. The Strothers were the only persons to make claim to the suitcase and its contents, although they admitted that they did not own the property and had never seen it prior to December 1981 when it was delivered to their home by Pan American.
 
 
 5
 Marques and Leonard Strother filed a complaint against the United States seeking recovery of the suitcase and its contents, alleging that they were in lawful possession of the items when they were wrongfully taken from them by Detroit police, and that neither the police nor the Customs Service had a right to possession which was superior to that of plaintiffs. The United States filed an action pursuant to 19 U.S.C. Sec. 1497 to enforce a claim for civil forfeiture of the suitcase and its contents. Eventually, both cases were consolidated before the district court. Summary judgment was then sought by both the United States and the Strothers.
 
 
 6
 On July 7, 1986, the district court filed a ten-page "Memorandum Opinion and Order," together with a separate "Judgment" which granted judgment to the United States in the forfeiture action. The district court concluded that the government's evidence established that there was probable cause to institute the forfeiture action and that this showing was not rebutted by any evidence to support their "conclusory" allegation that they had a superior possessory interest, the Strothers had failed to demonstrate a sufficient interest in the seized property to entitle them to standing to contest the forfeiture.
 
 
 7
 On July 23, the district court dismissed the Strothers' case for recovery of the property, noting that it was doing so for the reasons stated in its July 7 Memorandum Opinion and Order. On September 19, the Strothers filed a notice of appeal from the judgments of July 7 and July 23.
 
 
 8
 Counsel also, at the time, filed a motion to extend the time for filing a notice of appeal from the July 7 judgment, pointing out that he had not noticed that the separate judgment had been sent to him along with the Memorandum Opinion and Order. The district court overruled the motion, declining to find excusable neglect or good cause under Fed.R.App.P. 4(a)(5). A notice of appeal was filed from that order.
 
 
 9
 The government argues that the notice of appeal in the forfeiture case was not timely and that, if the district court did not abuse its discretion in declining to extend the time for filing that notice of appeal, then the judgment in that case is a final adjudication in the government's favor of the issues which grounded the Strothers' case for recovery of the property. The argument is well-taken.
 
 
 10
 Although the Strothers contend that when the two cases were consolidated in the district court there was no final appealable judgment until judgment had been entered in both cases, that contention is clearly contrary to the settled case law of this Circuit. Consolidation is permitted as a matter of convenience and economy in administration, but does not merge two suits into a single cause. Accordingly, a trial court's decision terminating one action is a final appealable order not requiring further certification pursuant to Fed.R.Civ.P. 54(b). Kraft, Inc. v. Local 327, Teamsters, 683 F.2d 131, 133 (6th Cir.1982).
 
 
 11
 Becuase the standard for review of a district court's determination under Fed.R.App.P. 4(a)(5), that a party has failed to demonstrate "excusable neglect or good cause" for extending the time for filing a notice of appeal, is whether the district court abused its discretion, and counsel's candidly stated excuse was his failure to find the separate judgment which was stapled to the court's Memorandum Opinion and Order, we are unable to say that the district court abused its discretion in declining to find excusable neglect or good cause. A claim of abuse of discretion must be grounded upon more extraordinary circumstances than those demonstrated here. The notice of appeal having been filed more than sixty days after the entry of judgment in the forfeiture case, and there having been no abuse of discretion by the trial court in declining to extend the time for filing that notice of appeal, we are without jurisdiction to entertain the appeal in that case. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978).
 
 
 12
 Because the complaint in the action seeking to recover the property was predicated upon the contention that the Strothers had a possessory interest in the property which was superior to that of the government, and that issue was decided adversely to them in the forfeiture case, they are precluded by the final judgment in that case from raising those same issues in the appeal from the dismissal of their suit for recovery of the property. See 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Secs. 4416, 4433 (1981).
 
 
 13
 Accordingly, the judgments and order which are the subjects of these appeals are affirmed.