925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, and its
affiliate, Provident Life and Casualty Insurance
Company, Plaintiffs-Appellants/Cross-Appellees,
v.
UNITED STATES of America, Louis W. Sullivan, M.D., Secretary
of U.S. Department of Health and Human Service,
Defendants-Appellees/Cross-Appellants,
and
UNITED STATES of America, Plaintiff-Appellee/Cross-Appellant,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,
Defendant-Appellant/Cross-Appellee.
 Nos. 90-6210, 90-6392.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 A notice of appeal has been filed by Provident Life and Accident Insurance Company and its affiliate (Provident) in Case No. 90-6210; a notice of cross appeal has been filed by the U.S. Department of Health and Human Services (the government) in Case No. 90-6392. These appeals are from two consolidated district court actions to determine Provident's obligations under the Medicare Secondary Payor Provisions, 42 U.S.C. Sec. 1395y(b). The government now moves to dismiss Provident's appeal for lack of jurisdiction. Provident has responded in opposition, and the government has replied.
 
 
 2
 Consolidated actions are treated separately for purposes of appeal. See Kraft, Inc. v. Local Union 327, Teamsters, 683 F.2d 131 (6th Cir.1982). Provident contends this court has jurisdiction under 28 U.S.C. Sec. 1291 because final judgment has been entered in its suit for declaratory judgment against the government. However, the government's counterclaim in that suit has not yet been adjudicated. Absent certification for an interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Fed.R.Civ.P., an order disposing of fewer than all parties or claims in an action is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). Despite Provident's argument that the counterclaim duplicates the government's action against Provident, its pendency renders the judgment less than final. See Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973) (per curiam).
 
 
 3
 Provident also argues that this court has jurisdiction under 28 U.S.C. Sec. 1292(a)(1). Section 1292(a)(1) was intended to carve out only a limited exception to the final judgment rule and the statute is narrowly construed. See Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981). Upon review and consideration, the court concludes that the order appealed from was not injunctive in character and not appealable under Sec. 1292(a)(1).
 
 
 4
 It is therefore ORDERED that the appeal in Case No. 90-6210 and cross appeal in Case No. 90-6392 are dismissed.