1999 DSD 29

Richard SYMENS and Joyce Symens, Husband and Wife, Plaintiff,

v.

SMITHKLINE BEECHAM COR-PORATION, a Pennsylvania Corporation, Defendant,

Ivan Sjovall d/b/a Sjovall Feedyard, Plaintiff,

v.

Smithkline Beecham Corporation, a Pennsylvania Corporation, Defendant.

Norman Schick and Carol Schick, Plaintiff,

v.

Smithkline Beecham Corporation, a Pennsylvania Corporation, Defendant.

Civ. Nos. 94–1036, 96–1039, 97–1014.

United States District Court, D. South Dakota, Northern Division.

Sept. 30, 1999.

Danny R. Smeins, Britton, SD, Edward M. Bendelow, Bendelow & Darling, Denver, CO, James Allen Davis, James Allen Davis & Assoc., PC, Fremont, NE, Michael P. Dowd, Thomas F. Dowd, Dowd & Dowd, Omaha, NE, Curt R. Ewinger, Rice & Ewinger, Aberdeen, SD, for Plaintiffs.

Patrick A. Reinken, Scott A. Smith, Hinshaw & Culbertson, Minneapolis, MN, R. Alan Peterson, Lynn, Jackson, Shultz & Lebrun, P.C., Sioux Falls, SD, for Defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD H. BATTEY, Senior District Judge.

### PROCEDURAL HISTORY

[¶ 1] Plaintiffs in the above three cases filed an eight count complaint against Smithkline Beecham Corporation (SBC) ("defendant") on May 14, 1996, August 28, 1996, and on May 12, 1997, respectively. The parties will be collectively referred to as "plaintiffs" throughout this opinion.

[¶ 2] Specifically, plaintiffs allege that a vaccine developed by defendant caused severe damage to plaintiffs' herd of cattle. Defendant's alleged liability is contained in the complaints as follows: (1) strict product liability; (2) implied warranty for fitness for a particular purpose; (3) implied warranty of merchantability; (4 + 5) false advertising; (6) failure to warn; (7) inadequate warning; and (8) fraud on the agency. See Plaintiffs' Amended Complaint (AC), in Civ. 94–1036 at ¶¶ 1–61.[1]

[¶ 3] On February 28, 1997, defendant moved for summary judgment (Docket # 94), arguing that plaintiffs' claims are preempted by the Virus–Serum–Toxin Act (VSTA), 21 U.S.C. §§ 151–159. See Memorandum in support of motion for summary judgment (Def. Memo). On October 7, 1997, 19 F.Supp.2d 1062, the Honorable

---

1. The relevant documents in the Symens case (Civ. 94–1036) and in the Sjovall case (Civ. 96–1039) contain the same material information. For the convenience of the Court and the parties all references to record in this consolidated summary judgment will be from the Symens case (Civ. 94–1036).

Charles B. Kornmann issued an order (Docket # 78) denying defendant's motion for summary judgment. On November 10, 1997, defendant filed a motion (Docket # 79) for reconsideration of the Court's summary judgment ruling, or in the alternative for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). On December 12, 1997, the Honorable Charles B. Kornmann issued an order (Docket # 84) denying the motion to reconsider and granting the motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

[¶ 4] On, January 1, 1998, the Eighth Circuit Court of Appeals issued an order (Docket # 90) granting the petition to appeal. *See Symens v. SmithKline Beecham Corp.*, 152 F.3d 1050 (8th Cir.1998). The case was remanded by the Eighth Circuit to the district court for an analysis of the preemption issue. *Id.* at 1056. Additionally, defendant has moved for summary judgment arguing that plaintiffs' claims are preempted by the Virus–Serum–Toxin Act (VSTA), 21 U.S.C. §§ 151–159.[2] *See* Def. Memo.

[¶ 5] On August 26, 1999, the Court consolidated the three cases.[3] Consolidation does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another. *See Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933); *see also United States v. Altman*, 750 F.2d 684, 695 (8th Cir.1984) (consolidated suits maintain their separate identities); *Kraft, Inc. v.*

*Local Union 327, Teamsters*, 683 F.2d 131, 133 (6th Cir.1982) (same). Therefore, this opinion will have no effect on the rights of the plaintiffs in the Schick case (Civ. 97–1014) where no motion for summary judgment is pending.

[¶ 6] This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTS

[¶ 7] In mid-July 1992, and over the course of the next several months plaintiffs Richard and Joyce Symens and Ivan Sjovall injected their cattle with the Vaccine BoviShield 4 and Ultrabac–7/Somubac vaccines. *See* AC at ¶¶ 1–2. Subsequently, plaintiffs' cattle lost weight, became ill and many died. *Id.* at ¶ 6.

[¶ 8] BoviShield 4 and Ultrabac–7/Somubac, the vaccines at issue in this case were manufactured, marketed, and tested by defendant. *See* Answer of Defendant Smithkline Beecham Corp. to Amended Complaint (Def. Answer) at ¶ 3. BoviShield 4 was licensed by the United States Department of Agriculture ("USDA"), Animal and Plant Health Inspection Service ("APHIS"), on March 30, 1988, under USDA license No. 189, Code 1181.20. *See* Defendant's Local Rule 56.1(b) statement of material facts (Def. Facts) at ¶ 1. Ultrabac–7/Somubac[4] was licensed by APHIS on December 15, 1985, under USDA license No. 225, Product Code 7423.00. *See* Def. Facts in Civ. 96–1039 at ¶ 2.

## SUMMARY JUDGMENT STANDARD

[¶ 9] Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is enti-

---

**2.** Defendant has filed motions for summary judgment in both Civ. 94–1036 and Civ. 96–1039. However, there is no motion for summary judgment pending in Civ. 97–1014.

**3.** Specifically plaintiffs in the three consolidated cases are as follows: Richard Symens and Joyce Symens, husband and wife (Civ. 94–1036); Ivan Sjovall (d/b/a Sjovall Feed-

yard) (Civ. 96–1039); and Norman Schick and Carol Schick (Civ. 97–1014).

**4.** Since the discussion for both BoviShield 4 and Ultrabac–7/Somubac would be identical, for the convenience of the Court and the parties the term "vaccine" will be used in place of BoviShield 4 and Ultrabac–7/Somubac throughout this opinion.

tled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

[¶ 10] In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The Supreme Court has instructed that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita*, 106 S.Ct. at 1356.

[¶ 11] The teaching of *Matsushita* was further articulated by the Supreme Court in *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 468, 112 S.Ct. 2072, 2083, 119 L.Ed.2d 265 (1992) where the Court said, "*Matsushita* demands only that the nonmoving party's inferences be reasonable in order to reach the jury, a requirement that was not invented, but merely articulated, in that decision." The Court expounded on this notion by reiterating its conclusion in *Anderson* that, "[s]ummary judgment will not lie ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Eastman Kodak*, 504 U.S. at 468 n. 14, 112 S.Ct. at 2083 n. 14 (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). To survive summary judgment there must be evidence that "reasonably tends to prove" plaintiff's theory; defendant meets the burden under Fed.R.Civ.P. 56(c) when it is conclusively shown that the facts upon which the nonmoving party relied to support the allegations were not susceptible of the interpretation which was sought to give them; only reasonable inferences can be drawn from the evidence in favor of the nonmoving party. *Id.* (citations omitted).

## DISCUSSION

[¶ 12] In the analysis of the preemption issue the court is not unmindful of the three cases discussing the subject matter of APHIS Regulations and preemption. *Garrelts v. SmithKline Beecham Corp.*, 943 F.Supp. 1023 (N.D.Iowa 1996); *Lynnbrook Farms v. Smithkline Beecham Corp.*, 79 F.3d 620 (7th Cir.1996) *cert. denied* 519 U.S. 867, 117 S.Ct. 178, 136 L.Ed.2d 118 (1996); and *Murphy v. SmithKline Beecham Animal Health Group*, 898 F.Supp. 811 (D.Kan.1995).

[¶ 13] VSTA authorizes the USDA to regulate production and market-

ing of toxins used in the treatment of domestic animals. *See* 21 U.S.C. § 154. The USDA has delegated this authority to the Animal and Plant Health Inspection Service (APHIS). *See* 9 C.F.R. § 101.2. The APHIS in turn has developed an extensive regulatory scheme for manufacturing, testing, labeling, and marketing of these animal toxins. *See* 9 C.F.R, §§ 101.2–4. *Lynnbrook Farms*, 79 F.3d at 623–624.

[¶ 14] In *SmithKline Beecham Corp.*, 152 F.3d at 1054, the Eighth Circuit Court of Appeals stated, "Plaintiffs' broadly pleaded claims are preempted to the extent that they rely upon 'liability-creating-premises' that are different from, or in addition to, those imposed by USDA regarding the *safety, efficacy, potency, purity, or labeling* of SBC's licensed vaccines." However, common law claims are not preempted to the extent that they seek relief for· alleged violations of the federal standards. *Id.* at 1055. In order to determine the preemptive effect of the VSTA on plaintiffs' claims, this Court must conduct an analysis of the allegedly preempting federal requirement and the allegedly preempted state requirement. *Id.* at 1056, (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 500, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996) (plurality opinion)). Upon analyzing each of plaintiffs' claims, this Court finds that defendant is· entitled to summary judgment on all eight counts contained in plaintiffs' complaint.

[¶ 15] On May 14, 1996, plaintiffs filed an Amended Complaint which contained eight counts against defendant. *See AC.*

The eight state based causes of action filed by the plaintiffs are: (1) strict product liability; (2) implied warranty for fitness for a particular purpose; (3) implied warranty of ·merchantability; (4 + 5) false advertising; (6) failure to warn; (7) inadequate warning; and (8) fraud on the agency. *See id.* To satisfy the mandate presented by the Eighth Circuit, this Court will analyze each of these claims to determine the preemption question.

[¶ 16] **Strict Liability**

[¶ 17] Plaintiffs' first count alleges strict liability for a defective product.[5] *See* AC at ¶¶ 1–17. Specifically, plaintiffs claim that the vaccine was defective because their cattle suffered damages as a result of the use of this defective product. *Id.* at ¶ 15. A claim that the vaccine was defective and caused injury to plaintiffs' cattle would clearly relate to the safety, if not also the efficacy, potency, and purity of the vaccine. This Court has been unable to find a federal requirement based upon strict liability nor have plaintiffs supplied one. If this count were allowed to proceed, defendant would be imposed with a duty that is different from or in addition to the substantive federal requirements. Consequently, plaintiffs' first count is preempted by the VSTA. *See Symens v. SmithKline Beecham Corp.*, 152 F.3d 1050, 1056 (8th Cir.1998).

[¶ 18] **Implied Warranties**

▉ [¶ 19] Plaintiffs base their second and third counts on the implied warranties

---

**5.** To establish a claim for strict liability in South Dakota, the plaintiff must establish the following elements: (1) The product was in defective condition which made it unreasonably dangerous to the plaintiff user; (2) the defect existed at the time it left the control of the defendant; (3) The product was expected to and did reach the plaintiff user without a substantial unforeseeable change in the condition the product was in when it left the control of the defendant; and (4) the defective condition was a proximate cause of the injuries. *See* South Dakota Pattern Jury Instructions (SDPJI) (Civil) Vol. I, 150–01; *Peterson v. Safway Steel Scaffolds*, 400 N.W.2d 909 (S.D.1987).

of fitness for a particular purpose[6] and merchantability.[7] *See* AC at ¶¶ 18–29. The second count alleges that the vaccine was not fit for its ordinary purpose in that it did not aid in preventing infections in plaintiffs' cattle. *Id.* at ¶ 22. The third count alleges that the vaccine was unfit for its ordinary purpose in that it failed to prevent diseases in plaintiffs' cattle. *Id.* at ¶ 28. Both counts allege that the vaccine did not aid in preventing the diseases that it was designed to prevent. These allegations relate to the efficacy of the vaccine in question. Furthermore, neither of these implied warranties are included in the federal standards. If these claims were allowed to go to trial, defendant would be imposed with requirements that are different from or in addition to the requirements established by the federal standards. Therefore, plaintiffs' second and third counts are preempted by the VSTA. *See Symens v. SmithKline Beecham Corp.*, 152 F.3d 1050, 1056 (8th Cir.1998).

## [¶ 20] False Advertising

■ [¶ 21] The fourth and fifth counts of the complaint are based on false advertising[8]. *See* AC ¶¶ at 30–44. Both counts allege that defendant supplied false information by stating that the vaccine was effective and safe when used in a foreseeable manner. *See id.* at 31, 39. In order for plaintiffs to prevail on these counts it would be necessary to show that the statements were indeed false. This would require showing that the vaccine was not safe and effective when used in a foreseeable manner. Therefore, these counts relate to the safety and efficacy of the vaccine. However, it is uncontested that the vaccine was licensed by APHIS. *See* Def. Facts at ¶ 1, *See also* Affidavit of Dr. L. Ned Brown (Brown Aff.) at ¶ 5 (Plaintiffs' expert) (Docket # 49). Before a biological product becomes licensed it is necessary to establish the purity, safety, potency, and efficacy of the product. *See* 9 C.F.R. § 102.3(b)(2)(ii). Therefore, by granting the license to manufacture the vaccine, APHIS would logically have determined that the vaccine was safe and effective. A showing by plaintiffs that the vaccine was not safe and effective when used in a foreseeable manner would impose a standard on the defendant that is different from or in addition to the substantive federal standards. Consequently, counts four and five of plaintiffs' amended complaint are preempted by the VSTA. *See Symens v.*

6. To establish a claim under the implied warranty for fitness for a particular purpose in South Dakota, the plaintiff must establish that the seller at the time of the sale has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods. *See* SDPJI (Civil) Vol. I, 150–27, SDCL 57A–2–315; *Pudwill v. Brown*, 294 N.W.2d 790 (S.D.1980).

7. To establish a claim under the implied warranty of merchantability in South Dakota, the plaintiff must establish that the goods were not merchantable. In order for goods to be merchantable, they must at least: (1) pass without objection in the trade under the contract description; (2) in the case of fungible goods, be of fair average quality within the description; (3) be fit for the ordinary purposes for which such goods are used; (4) be of even run in quality within each unit and among all units involved; (5) be adequately contained, packaged, and labeled; and (6) conform to the promises or affirmation of fact made on the container or label. *See* SDPJI (Civil) Vol. I, 150–25, SDCL 57A–2–314; *Crandell v. Larkin & Jones Appliance Co., Inc.*, 334 N.W.2d 31 (S.D.1983).

8. To establish a claim for false advertising in South Dakota, the plaintiff must establish that a person: (1) made a false promise or misrepresentation; or (2) concealed, suppressed, or omitted any material fact; and (3) the act was made in connection with the sale or advertisement of any merchandise; and (4) the act was done knowingly and intentionally. *See* SDCL 37–24–6, SDCL 37–24–31; *Moss v. Guttormson*, 1996 SD 76, 551 N.W.2d 14.

*SmithKline Beecham Corp.*, 152 F.3d 1050, 1056 (8th Cir.1998).

## [¶ 22]  Failure to Warn

■ [¶ 23]  Plaintiffs' sixth and seventh counts are based on the failure to provide adequate warnings.[9] *See* AC at ¶¶ 45–54. In the sixth count, plaintiffs allege that the warning statements and instructions included with the vaccine were inadequate because the vaccine was inherently dangerous. *Id.* at ¶ 48. The seventh count alleges that the product was defective and unreasonably dangerous because the vaccine lacked adequate warnings. *Id.* at ¶ 53. Nonetheless, the federal regulations require the written approval of all labels prior to the issuance of a product license. *See* 9 C.F.R. §§ 102.3(b)(2)(iv), 112.5. Again, it is uncontested that the vaccine was a licensed product. *See* Def. Facts at ¶ 1; Brown Aff. at ¶ 5. It is also uncontested that APHIS approved, in writing, the labeling that was used for the vaccine. *See* Def. Facts at ¶ 2. Thus, a finding that warnings included with the vaccine were inadequate would renounce the findings of the APHIS. This contradiction would impose a standard on the defendant that was different from that required by the federal regulations; therefore, counts six and seven of plaintiffs' amended complaint are preempted by the VSTA.[10] *See Symens v.*

## [¶ 24]  Fraud on the Agency

[¶ 25]  Plaintiffs' eighth and final count alleges fraud on the agency. *See* AC at ¶¶ 55–61. Initially the court notes that the plaintiffs have not submitted authority which would support a claim of a "Fraud on the Agency" theory as they alleged. Further, the court is not aware of any authority which would grant private right of action under APHIS. Certainly there is no express right of action granted by statutes and the court is unwilling to find an implied right. The plaintiffs allege that the defendant supplied false information to APHIS by claiming that the vaccine was safe and effective when used in a reasonable manner. *Id.* at ¶ 56. In addition, plaintiffs allege that defendants failed to supply reports containing adverse reactions to the vaccine as well as unsatisfactory test results to the APHIS. *Id.* Federal regulations require the defendant to submit *accurate* records to APHIS. *See* 9 C.F.R. § 116.5(a). The regulations also require the defendant to notify the APHIS if there is any indications which raise questions as to the purity, safety, potency, or efficacy of the vaccine. *See* 9 C.F.R. § 116.5(b). Furthermore, the defendant is required to submit the results of *all* tests performed in regards to the vaccine. *See*

9. To establish a claim for failure to warn in South Dakota, the plaintiff must establish the following elements: (1) a danger existed associated with a foreseeable use of the product; (2) an inadequate warning was given regarding the danger; (3) as a result of the inadequate warning, the product was rendered defective and unreasonably dangerous; (4) the defective and unreasonably dangerous condition existed at the time it left the control of the manufacturer; (5) the product was expected to and did reach the user without a substantial unforeseeable change in the condition that it was in when it left the manufacturer's control; and (6) the defective condition was a proximate cause of plaintiff's injuries. *See* SDPJI (Civil) Vol. I, 150–04; *Peterson v. Safway Steel Scaffolds*, 400 N.W.2d 909, 912 (S.D.1987).

10. Even if plaintiffs' failure to warn claims were not preempted the argument for noncompliance with the federal standard would be eliminated since there has been actual agency approval of the labels. *See National Bank of Commerce of El Dorado v. Kimberly–Clark Corp.*, 38 F.3d 988, 994 n. 4 (8th Cir. 1994).

9 C.F.R. §§ 116.6, 7. The Eighth Circuit specifically stated that common law claims are not preempted to the extent that they seek relief for alleged violations of the federal standards. *See Symens v. Smith-Kline Beecham Corp.,* 152 F.3d 1050, 1055 (8th Cir.1998). In this count plaintiffs do allege violations of the substantive federal standards. The plaintiffs' response to defendant's summary judgment motion does not address the factual issues to the extent that they create facts from which a reasonable jury could find that such a cause of action existed, *See e.g., Corner Pocket of Sioux Falls, Inc. v. Video Lottery Technologies, Inc.,* 123 F.3d 1107 (8th Cir.1997) (court properly discounted evidence as too ambiguous for a reasonable jury to infer a conspiracy existed). In other words the plaintiffs have not alleged sufficient facts to support defendant's noncompliance with federal regulations.

[¶ 26] Defendant also argues that the fraud on the agency count is preempted because of separation of powers issues. *See* Def. Memo at 16. Defendant cites several cases outside of the Eighth Circuit in support of this position. *See e.g., Taylor AG Indust., Inc. v. Pure–Gro,* 54 F.3d 555, 561 (9th Cir.1995) (violation of separation of powers for court to evaluate the conduct of the EPA); *King v. Collagen Corp.,* 983 F.2d 1130 (1st Cir.1993) (violation of separation of powers when court was asked to stand in the shoes of the federal agency by making a determination that missing information was material); *Michael v. Shiley, Inc.,* 46 F.3d 1316 (3d Cir.1995) (same); *Reeves v. AcroMed Corp.,* 44 F.3d 300 (5th Cir.1995) (same); *Papas v. Upjohn Co.,* 985 F.2d 516 (11th Cir.1993) (same). In each of these cases the court was either being asked to evaluate the conduct of the federal agency or to stand in the shoes of the federal agency.

[¶ 27] Nonetheless, plaintiffs "must do more than simply show that there is some metaphysical doubt as to the material facts," and "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 106 S.Ct. at 1356. Summary judgment is therefore granted in favor of the defendants on plaintiffs' eighth count.

## CONCLUSION

[¶ 28] After viewing the arguments presented by both parties and after reviewing the facts and inferences that may be derived therefrom in a light most favorable to plaintiffs, this Court concludes that counts one through seven of plaintiffs' amended complaint are preempted by the VSTA in that they subject defendant to a standard that is different from or in addition to the federal requirements. Plaintiffs' eighth and last count fails to establish facts sufficient to survive defendant's motion for summary judgment. Therefore, it is hereby

[¶ 29] ORDERED that the defendants' motion for summary judgment Docket # 93 (Civ. 94–1036) and Docket # 52 (Civ. 96–1039) is granted as to all of counts one through eight of plaintiffs' complaint.